EUGENE A. BRILLINGER, Respondent, *v.* BLAKE OZIAS, Appellant.

Second Department, January 31, 1919.

**Highways — motor vehicles — General Highway Traffic Law, section 12, giving right of way at intersection to vehicle approaching from right construed — contributory negligence — failure to give right of way.**

Under section 12 of the General Highway Traffic Law, providing that " every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right," the words " grant the right of way " mean that at such a crossing the driver of one vehicle has an affirmative duty to keep out of the other's way. This requires him to slow, to stop, and if need be to reverse, if otherwise the crossing vehicles are likely to come into contact. Such a rule cannot be set aside by a jury, where these two elements appear — full view of the vehicle approaching from the right, and entire failure to take any steps to keep out of its path.

Where this duty to grant the right of way is completely ignored, the driver is guilty of contributory negligence preventing a recovery.

APPEAL by the defendant, Blake Ozias, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 29th day of June, 1918, upon the verdict of a jury for $1,200, and also from an order entered in said clerk's office on the 6th day of July, 1918, denying defendant's motion for a new trial made upon the minutes.

.The collision was on October 28, 1917, about three-thirty P. M., at the intersection of the Glen Cove-Jericho road, approximately running north and south, and the North Hempstead turnpike, running east and west. The weather was good, and both vehicles approached within view of the driver of each car.

*Edward P. Mowton,* for the appellant.

*William Rasquin, Jr.,* for the respondent.

PUTNAM, J.:

This collision came under the provisions of the General Highway Traffic Law (Consol. Laws, chap. 70), being Laws of 1917, chapter 655, in effect May 25, 1917, which enacted a crossing rule with a right of way, where previously vehicles at right-angled crossings were considered as having equal rights, as before each was required merely to take reasonable care to avoid injury to the other. (Huddy Laws of Automobiles [4th ed. 1916], § 127.)

This statute has effectually removed the prior uncertainty as to which vehicle should give way or stop at such crossings. Except where traffic officers may be stationed, this new act declares (§ 12, subd. 4) unqualifiedly that " Every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right." *

As the plaintiff was bound eastward toward this intersection,

---

* This is analogous to the " starboard side " rule for crossing steam vessels. (See U. S. R. S. § 4233, rule 19; Int. Regulations for Preventing Collisions at Sea, Act of Aug. 19, 1890, art. 19; 26 U. S. Stat. at Large, 327, chap. 802, art. 19.) " When two steam-vessels are crossing, so as to involve risk of collision, the vessel which has the other on her own starboard side shall keep out of the way of the other." — [NOTE BY THE COURT.

he became under a duty to grant the right of way to vehicles northbound to this intersection, as they would be " approaching from his [the plaintiff's] right." Defendant was driving an eight-cylinder Cadillac touring car on the Glen Cove-Jericho road at a speed of thirty miles an hour. Later he reduced this to about twenty-five miles an hour. He appears to have been looking towards his right side and did not see the plaintiff's car until within a distance of 20 or 25 feet, when his brakes were applied too late to save a collision. Plaintiff was driving a Reo car. Though he had received lessons in motoring, this was his first adventure as a driver. His speed was twenty or twenty-two miles an hour. While running easterly upon the North Hempstead turnpike, he saw defendant's car approaching on his right nearly at right angles. Plaintiff's first view was when he was 300 feet from the intersection, from which point he judged defendant's car then to be distant about 600 feet. He kept on and looked again when 200 feet from the crossing, when he had slowed to about eighteen miles an hour. When he had gone another 100 feet, he again saw defendant's car still approaching steadily on his right. Such continued approach clearly indicated danger. When within 25 feet, he looked the fourth time, also sounded his horn, but kept on ahead of the Cadillac car, so that, when struck, the Reo car was beyond the center of this intersection. The impact of the front of the Cadillac car just back of the Reo front seat, drove the Reo car toward the northerly bank and partly around so as to head nearly south. Plaintiff admitted that this persistence across the path of the other car was from his belief that he had the right of way.

It is apparent that the plaintiff failed to observe the explicit command of this statute, and that this omission directly contributed to the collision. The words " grant the right of way " mean that at such a crossing the driver of one vehicle has an affirmative duty to keep out of the other's way. This requires him to slow, to stop, and if need be, to reverse, if otherwise the crossing vehicles are likely to come into contact. Such a rule cannot be set aside by a jury where these two elements appear — full view of the vehicle approaching from the right, and entire failure to take any

steps to keep out of its path. The jury had been told that if plaintiff's ignorance of such requirement of the Highway Traffic Law* "contributed to the accident in the slightest degree, the verdict must be for the defendant." Observance of such a regulation is necessary for public safety. Where, as here, this duty to grant the right of way was completely ignored, the driver is guilty of contributory negligence fatal to any recovery.

I advise, therefore, that the judgment and order be reversed, with costs, and the complaint dismissed, with costs.

Present — JENKS, P. J., RICH, PUTNAM, KELLY and JAYCOX, JJ.

Judgment and order reversed, and complaint unanimously dismissed, with costs.

---

* See General Highway Traffic Law, § 12, subd. 4.— [REP.