Gladys M. Shuman, as Administratrix, etc., of Amzie W. Shuman, Deceased, Respondent, v. Chauncey Hall and Another, Appellants.

Second Department, December 17, 1926.

**Motor vehicles — right of way rule — action for death of plaintiff's intestate resulting from collision at road intersection — intestate was traveling westerly — defendants were traveling southerly and turning easterly into road on which intestate was traveling — intersection was made up of east and west forks — both machines were moving at same moderate rate and were equidistant from intersection — defendants had right of way under General Highway Traffic Law, § 12, subd. 4 — defendants' position on right side of fork was proper under General Highway Traffic Law, § 11, subd. 2 — intestate was guilty of contributory negligence — complaint dismissed.**

In this action to recover for the death of plaintiff's intestate, the complaint should be dismissed, for her intestate was guilty of contributory negligence in violating subdivision 4 of section 12 of the General Highway Traffic Law, known as the right of way rule, since it appears that plaintiff's intestate was traveling westerly; that defendants were traveling southerly and turning easterly into the road on which plaintiff's intestate was traveling; that the road intersection was made up of the east and west forks, with a grass plot in between; that the two automobiles were traveling approximately at the same moderate rate of speed as they approached the intersection and were, when each observed the other, equidistant from the intersection of the east fork; that the plaintiff's intestate when he observed the approach of defendants' automobile, accelerated his speed and swerved to the left and was nearly across the east fork intersection when his automobile was struck on the right side near the rear by defendants' automobile; and that defendants' automobile was on the right-hand side of the east fork in compliance with subdivision 2 of section 11 of the General Highway Traffic Law.

Kelly, P. J., dissents; Lazansky, J., dissents in part.

Appeal by the defendants, Chauncey Hall and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 5th day of January, 1926, upon the verdict of a jury for $15,000.

The action was brought to recover for the death of plaintiff's intestate who, while driving an automobile in Orange county on August 22, 1925, collided with an automobile owned by both defendants (husband and wife), and driven by the defendant Chauncey Hall. The collision took place while the decedent was driving westerly on the Maybrook-Campbell Hall road at the junction of that road and the Neeleytown road on and out of which the defendants' car was being driven in a southerly direction. Both the Neeleytown and the Maybrook-Campbell Hall roads were of a width of approximately sixteen feet. The Neeleytown road

as it enters the Maybrook-Campbell Hall road forks, one fork leading to the right and the other to the left, the fork being divided by a triangular grass plot the southerly dimension of which paralleled the Maybrook-Campbell Hall road a length of approximately forty-nine feet. The Neeleytown road as it turns to the left of the fork into the Maybrook-Campbell Hall road widens so that its width where it abuts on the latter road is a distance from its easterly point to its westerly point at the commencement of the grass plot of approximately thirty-five feet. The decedent's car was struck by the defendants' car on its right side just ahead of the rear wheel or where the back mudguard fastens onto the running board, and just about when it had cleared this thirty-five foot space between the corner and the grass plot.

*John Bright* [*Abram F. Servin* and *William J. Lamont* with him on the brief], for the appellants.

*Ivan A. Gardner* [*Charles E. Taylor* with him on the brief], for the respondent.

KAPPER, J. The question on this appeal involves the application of the " right of way " provision of the General Highway Traffic Law. " Every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right." (Gen. Highway Traffic Law, § 12, subd. 4.)* Accepting the proofs on behalf of plaintiff most favorable to her, we find the decedent, at about seven-forty A. M., driving a touring car in which were seated three other men, proceeding westerly on the Maybrook-Campbell Hall road at a speed of about twenty-five miles an hour which was reduced to about twenty or twenty-two miles an hour as the car approached the Neeleytown road, and further reduced as the latter road was reached to about eighteen miles; that on approaching the Neeleytown road the decedent blew his horn; that the brush and grass on the right-hand side of the Maybrook-Campbell Hall road was of such height that a vehicle could not be seen on the Neeleytown road until the corner or point was reached which opened up that road to view; that when the point of clearance was reached, the car of the defendants was seen approaching thirty feet away from this Maybrook-Campbell Hall road; that the decedent then accelerated the speed of his car, and at the same time " swerved " to the left, and when " almost across this Neeleytown road," the defendants' car ran into the right-hand side of the decedent's car at that part of it where the rear mudguard was

* Since amd. by Laws of 1926, chap. 513.— [REP.

fastened to the running board.  It was moreover claimed on behalf of plaintiff that no horn was sounded on the defendants' car, but this was not conceded by the defendants whose testimony was that the horn was sounded as they were approaching the Maybrook-Campbell Hall road, and moreover that no horn sound had been heard by them from the decedent's car.  It was also the claim of the defendants that their car was about twelve feet from the Maybrook-Campbell Hall road at the time the car driven by the decedent was ninety feet away to their left; that the defendants' car was going at eight miles an hour, and stopped just as it got about two feet into the Maybrook-Campbell Hall road and on an angle veering toward the east, the direction in which the defendants' car wanted to go.  But the plaintiff claims, and this should be accepted in the light of the verdict, that the defendants' car did not stop, but ran into the intestate's car at the point indicated. The outcome of the collision, whether occurring through running into the front right-hand corner of the defendants' car as claimed by the latter or whether because the  intestate's car was run into as claimed by plaintiff, was a veering and crashing of the intestate's car, and an overturning of it and the bringing of it in contact with a telegraph pole on the left or southerly side of the Maybrook-Campbell Hall road.  The evidence for plaintiff also showed that the speed of the defendants' car was, at best, no greater than the speed of the intestate's car *before the intestate accelerated his speed to pass by the point where the impact ensued.*

It is the contention of the plaintiff that her intestate's right of passage over the intersection was not subordinate to the rights of the defendants to come along out of the Neeleytown road and into the Maybrook-Campbell Hall road, and that the impact of the defendants' car against the intestate's car was of such severity as to import negligence upon the part of the defendants, and that whether, in the circumstances, the intestate was himself at fault which contributed to bring about the happening of the accident, was a question of fact which has been resolved in plaintiff's favor. The plaintiff's theory seems to be somewhat .predicated upon the claim that when her intestate arrived at the corner or point where his road touched the defendants' road, and when for the first time the vehicles were visible to one another, the intestate's car had arrived at a point where its driver had a reasonable right to consider that he could go on ahead of the outcoming defendants' car.  This contention, in my opinion, cannot prevail in the light of the facts.  While the space formed by the opening of the left fork of the Neeleytown road was approximately thirty-five feet, more than half of it lay to the east of the traveled part of the

Neeleytown road.  So far as it appeared to be tracked by previous traffic, it may properly be assumed that such trackage was made by vehicles on the Maybrook-Campbell Hall road traveling westerly and turning into the Neeleytown road at that point.  " A vehicle turning into another street to the right shall turn the corner as near the right-hand curb as practicable."  (Gen. Highway Traffic Law, § 11, subd. 1.)  There is another provision of that statute (§ 11, subd. 2) that " A vehicle turning to the left into another street, shall, before turning, pass to the right of and beyond the center of the intersecting streets."  (See, also, Highway Law, § 286, subd. 9, added as subd. 3 by Laws of 1910, chap. 374, renum. by Laws of 1918, chap. 540, as amd. by Laws of 1921, chap. 580.)  From the point where the collision concededly occurred, it may fairly be assumed that the defendants' automobile was being driven with this last-mentioned provision of both statutes in mind and under observance.  When the intestate's car arrived at this corner, it had thirty-five feet to clear the opening to the grass plot, while the defendants' car had thirty feet to go to come to the point where the collision occurred, and there is no question but that the intestate's car had nearly cleared this thirty-five feet when struck, but to do this, intestate concededly accelerated his speed and swerved to the left for the single purpose of endeavoring not only to get out of the way of the defendants' car, but to arrive at a point beyond it before an impact should occur.  In this, unfortunately, the intestate was mistaken.  Notwithstanding he increased his speed and swerved to the left, the impact did occur.  Under such circumstances, it does not seem to me that a claim that the intestate was exercising due care can be allowed.  I think it was the duty of the intestate to observe the " right of way " statute, and have allowed the· defendants' car to exercise its " right of way."  " This statute has effectually removed the prior uncertainty as to which vehicle should give way or stop at such crossings.  *  *  *  It is apparent that the plaintiff failed to observe the explicit command of this statute, and that this omission directly contributed to the collision.  The words ' grant the right of way ' mean that at such a crossing the driver of one vehicle has an affirmative duty to keep out of the other's way.  This requires him to slow, to stop, and if need be, to reverse, *if otherwise the crossing vehicles are likely to come into contact.*  Such a rule cannot be set aside by a jury where these two elements appear — full view of the vehicle approaching from the right, and entire failure to take any steps to keep out of its path.  The jury had been told that if plaintiff's ignorance of such requirement of the [General] Highway Traffic Law ' contributed to the accident in the slightest degree, the verdict must be for the

defendant.' Observance of such a regulation is necessary for public safety. Where, as here, this duty to grant the right of way was completely ignored, the driver is guilty of contributory negligence fatal to any recovery." (*Brillinger* v. *Ozias*, 186 App. Div. 221, 222.)

The situation was not like that obtaining in *Ward* v. *Clark* (232 N. Y. 195) where the plaintiff's car was seventy-five feet from the point of collision and the defendant's car distant from the same spot about one hundred and fifty feet when the two cars were discoverable to each other, and the rate of progress of the two seemed to be about the same so that a later view showed plaintiff's car forty feet from the point of collision with the defendant's car eighty feet away. There, the defendant's " right of way " was denied when an application of the rule would produce an unequal balance between the parties. Here, the relative distances and speeds were not materially unequal. That is demonstrated by the fact that the intestate, notwithstanding his acceleration of speed, was unable to clear the oncoming car of the defendants concededly traveling at no greater speed than was the intestate before he increased his speed. As was said by Chief Judge HISCOCK in *Shirley* v. *Larkin Co.* (239 N. Y. 94, 97): " Notwithstanding the fact that he saw the approach of defendant's truck under circumstances which plainly indicated that if both continued on their way as they were then going a collision would probably occur, he did so continue without again looking at the car which had the right of way and he came into the collision which he had every reason to expect he would come to unless the car which had the right of way suspended its course and gave to him a priority of passage to which he was not entitled. It is impossible to read the plaintiff's evidence without being convinced that in wanton disobedience of the statute passed to insure greater safety of automobile traffic, he recklessly went on when it was his duty to wait for the other car and that he precipitated the accident which he is now seeking to charge to the defendant. While, as has been said, this statutory rule is to be construed sensibly, it certainly does require a reasonable observance by the car approaching an intersection and having the subordinate right of passage. It would be our duty under any circumstances to enforce such reasonable observance of this rule which the Legislature has adopted for the safety of travelers and certainly that duty is not rendered any the less commanding when we consider the number of accidents now being caused by the heedless management of automobiles and when intoxication and recklessness of drivers seem to vie with each other in producing a daily grist of injuries and tragedies.

This plaintiff invited his own disaster and he is entitled to no relief from the courts."

Upon the ground that the intestate by his own negligence contributed to bring about the happening of the accident, I think this judgment should be reversed upon the law and the facts, with costs, and that the complaint should be dismissed, with costs.

JAYCOX and MANNING, JJ., concur; LAZANSKY, J., concurs for reversal, but dissents as to the dismissal of the complaint, being of opinion that the verdict finding defendants negligent was against the weight of the evidence; KELLY, P. J., dissents and votes to affirm, being of opinion that the questions of negligence and contributory negligence were for the jury.

Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs.