JACOBINE K. FOILES, as Administratrix, etc., of MARIE ZENZ, Deceased, Respondent, v. JOHN MARCO, Defendant, and JOHN A. McGLYNN and ALICE G. McGLYNN, Appellants.— While crossing a city street the decedent was struck by an east-bound taxicab owned by defendant Marco with such force as to hurl her across the street toward a west-bound automobile owned by one of the appellants and operated by the other. When appellants' car had been brought to a stop the decedent's body was found beneath it. The evidence of negligence on the part of appellants was meagre, but the case was submitted to the jury against all defendants and the jury returned a verdict against defendant Marco and in favor of appellants. On motion of defendant Marco the verdict was set aside and a new trial granted as to all three defendants, on the ground that during the trial the court had received hearsay testimony as to admissions made by the driver of the taxicab after the accident. Appellants take this appeal from that part of the order which grants a new trial as to them. Order in so far as appealed from, reversed on the law and the facts, with costs, and motion for a new trial as against appellants denied, with costs, and verdict in favor of appellants reinstated. The incompetent evidence was not prejudicial to the plaintiff's case against the appellants because: (1) The taxicab driver gave substantially the same evidence in his examination before trial, so that his admissions were before the jury anyway; and (2) admissions of negligence by the driver of the taxicab had no tendency to exonerate the appellants, whose negligence, if any, was subsequent in point of time to that of the taxicab driver, even though it might have concurred in the result. Upon a new trial against defendant Marco alone it will not avail him to contend that decedent's death may have resulted from being dragged beneath appellants' car. It is no defense to him that some act of appellants may have concurred in producing the result. (*Hawkes* v. *Goll*, 256 App. Div. 940; affd., 281 N. Y. 808.) Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

In the Matter of Acquiring Title to the Real Property Required for the Opening and Extending of NORTH CONDUIT AVENUE, from Centreville Street to 150th Avenue, etc., SOUTH CONDUIT AVENUE, from the Brooklyn Borough Line of 129th Street, etc., in the Borough of Queens, City of New York. VALUE GAS STATIONS, INC., Appellant; THE CITY OF NEW YORK, Respondent.— In a proceeding instituted by the City of New York to acquire real property for extending North Conduit avenue, etc., in the borough of Queens, city of New York, final decree, in so far as appealed from, unanimously affirmed, with costs to respondent. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.