## (May 24, 1960)

■ BETTY SANZO et al., Respondents, v. MAXWELL TOKLAS, Appellant, et al., Defendant.

APPEAL from an order of the Supreme Court at Special Term, entered January 4, 1960, which granted a motion by plaintiff pursuant to rule 113 of the Rules of Civil Practice for summary judgment.

MEMORANDUM BY THE COURT. Order granting summary judgment in this negligence action reversed, on the law, with $20 costs and disbursements to defendant-appellant, and the motion is denied, with $10 costs, in its entirety. As to the plaintiff husband, who operated the automobile in which both plaintiffs were riding, there is at least an issue as to his contributory negligence. Such contributory negligence, if any, is of course not attributable to plaintiff wife. Defendants' version of the manner in which the two cars collided is far from convincing, and might upon a trial well justify setting aside a verdict favorable to defendants as contrary to the weight of the evidence (*Powers* v. *Medina,* 1 A D 2d 727). On these papers, however, triable issues survive which preclude finding defendants liable as a matter of law. Nor are these issues dissolved by photographs tending to support plaintiffs' version of the occurrence of the accident, but which do not conclusively destroy defendants' version. In any event, the conflicting narratives of the occurrence of the accident and the photographs do not establish as a matter of law that any negligence of defendants was the proximate cause of the accident.

M. M. FRANK, J. (dissenting in part). The defendant, Maxwell Toklas, appeals from a Special Term order granting summary judgment to both plaintiffs and directing an assessment of damages. The lawsuit results from an intersection collision.

The plaintiff, Francis H. Sanzo, was the owner and operator of an automobile traveling west on Prince Street, in the City of New York, at about 11:00 P.M. on July 8, 1958. The defendant Toklas was the owner of an automobile that was being operated by the defendant Herman on Sullivan Street, designated as a one-way street for northbound traffic. Stop signs at the southerly crosswalk on Sullivan Street, requiring northbound traffic on Sullivan Street to stop before entering the intersection, were applicable to the Toklas car.

Initially we may dispose of the issue pertaining to the plaintiff Francis H. Sanzo. His causes of action for property damage to his car and for damages for the loss of his wife's services present triable issues of fact, at least as to his contributory negligence, if any. (See *Miller* v. *Rankin,* 10 A D 2d 695.) Under the circumstances, it was error to grant summary judgment, and we agree that the order as to those causes of action should be reversed.

The plaintiff, Betty Sanzo, seeks recovery for personal injuries. She was a passenger in the car and the contributory negligence, if any, of her husband, the chauffeur, is not imputable to her. There remains, therefore, with respect to her cause of action only the question whether the operator of the Toklas car was negligent as a matter of law. From the evidence in the record, there can be no question that the center of the left side of the Sanzo car was struck broadside by the front end of the defendant's automobile. The photographs clearly indicate that the impact damaged the two doors of the Sanzo car and was entirely confined to that area, no scratch marks, abrasions, or dents being visible on the front fender or beyond the back of the rear door. Herman, the driver of the defendant's car, by his own affidavit admittedly ignored the stop signs. True, he avers that he slowed down almost to a complete stop, but stop he did not. In this connection, it is significant that the report he filed with the Motor Vehicle Bureau states that he slowed down to 10 miles an hour. There

is no question that the Sanzo car approached the intersection to the right of the Toklas car and, therefore, other things being equal, it was entitled to the right of way. Under the circumstances, Herman violated the Vehicle and Traffic Law (§ 1142, subd. [a]; § 1140, subds. [a], [b]; § 1110, subd. [a]; § 1101). In *Shuman* v. *Hall* (219 App. Div. 75, 78–79), where the plaintiff's intestate was charged with a failure to observe the right of way rule, the Appellate Division, Second Department, said: "It was the duty of the intestate to observe the 'right of way' statute, and have allowed the defendants' car to exercise its 'right of way.' * * * The words 'grant the right of way' mean that at such a crossing the driver of one vehicle has an affirmative duty to keep out of the other's way. This requires him to slow, to stop, and if need be, to reverse, *if otherwise the crossing vehicles are likely to come into contact.* * * * Observance of such a regulation is necessary for public safety. Where, as here, this duty to grant the right of way was completely ignored, the driver is guilty of contributory negligence fatal to any recovery. (*Brillinger* v. *Ozias*, 186 App. Div. 221, 222.)"

In some respects Herman's version of the accident is incredible. For example, he contends that he entered the intersection at a low rate of speed and could not see the Sanzo automobile which was proceeding "in a westerly direction at a very fast rate of speed directly into the path of your deponent's vehicle." That explanation of the accident belies the indisputable fact that it was the defendant's car that struck the one in which the plaintiff was a passenger. In a vague attempt to explain away his failure to see the Sanzo car, Herman says that vehicles were parked along both sides of Sullivan Street and that his vision to the right was limited to about 30 feet beyond the intersection. How cars parked on Sullivan Street could have interfered with his observation of cars moving on Prince Street if, in fact, he had taken the trouble to obey the posted signs and stopped at the intersection, remains unexplained and makes his contention incredible. Assuming *arguendo,* that his explanation is plausible, we must conclude that it is still no defense and presents no triable issue, as a matter of law. In *Powers* v. *Medina* (1 A D 2d 727), which did not involve the stop sign section, as here, but another provision of the Vehicle and Traffic Law, the court said: "If defendant Medina's view to his left was obstructed as he approached the intersection, he was required not only to slow down but to give a timely signal with his horn. * * * As he entered the intersection he was required to look where he could not previously see, that is, to his left. This he apparently did not do since he admits he did not see the other vehicle until it was upon him".

Accepting every inference favorable to the defendant's version of the accident, we must nevertheless conclude, on this record, that Herman was negligent, and the only question that remains is whether his negligence was a proximate cause of the accident.

Where, as here, the evidence of a failure to stop and to yield is undisputed, the question of proximate cause is one of law for the court (*Hoffman* v. *King*, 160 N. Y. 618, 628; *Restivo* v. *Conklin*, 171 App. Div. 481, 485). It is true that upon the defendant's version of the occurrence, the operator of the Sanzo car was contributorily negligent. However, that does not relieve the defendant of responsibility. In Prosser on Torts (2d ed., § 44, p. 221) the statement appears that, "The defendant's conduct is a cause of the event if it was a material element and a substantial factor in bringing it about." It is no defense that some act of another may have concurred to produce the result (*Di Sabato* v. *Soffes*, 9 A D 2d 297; *Foiles* v. *Marco*, 262 App. Div. 1024). Restatement, Law of Torts (Vol. 2, § 439) says: "If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that

the active and substantially simultaneous operation of the effects of a third person's innocent, tortious or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability."

For the foregoing reasons, I must dissent in part and vote to modify the Special Term order to the extent of denying the motion as to the second and third causes of action, and, as modified, I would otherwise affirm.

Botein, P. J., Breitel and Bergan, JJ., concur in decision; M. M. Frank, J., (deceased) dissented in part and voted to modify in a dissenting in part opinion, in which Stevens, J., concurs.

Order granting summary judgment in this negligence action reversed, on the law, with $20 costs and disbursements to defendant-appellant, and the motion is denied, with $10 costs, in its entirety.