ANGEL TORRES, JR., an Infant, by ANGEL TORRES, SR., His Guardian ad Litem, et al., Respondents, *v.* JOHN D. O'KEEFE et al., Appellants.

Supreme Court, Appellate Term, First Department, June 14, 1962.

*Watters & Donovan* (*Patrick J. Hughes* of counsel), for defendant and Motor Vehicle Accident Indemnification Corporation. *Cohen, Friedman, Goldstein & Raphael* (*Edward I. Friedman* of counsel), for respondents.

*Per Curiam.* It appears from the record that the infant plaintiff was the only person with personal knowledge of the facts of the accident whose affidavit was before the court below. Thus, the court below had only one version of the alleged negligence. In view of the unique position in which the Motor Vehicle Accident Indemnification Corporation (hereinafter referred to as MVAIC) finds itself in defending an action against an uninsured or hit-and-run motorist, it should not be penalized because it does not have the defendant under its control. Only in the most unusual or extraordinary case, where MVAIC interposes an answer on behalf of a named defendant who cannot be located and on its own behalf, is summary judgment warranted in favor of a plaintiff (see *Bandi* v. *Noonan,* N. Y. L. J., Apr. 12, 1961, p. 13, col. 7). Plaintiffs in actions where MVAIC appears should be put to their proof on a trial, subject to cross-examination by MVAIC, in which the Legislature has mandated the defense of such lawsuits (Insurance Law, § 606, subd. [e] ; § 609, subd. [b]).

The order should be reversed, with $10 costs and disbursements, and motion denied.

Concur — Hecht, J. P., Hofstadter and Tilzer, JJ.

Order reversed, etc.