Guy Gilbert Ribaudo, J.
This is a motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice against the defendants who are represented by the attorneys for the Motor Vehicle Accident Indemnification Corporation pursuant to the provisions of article 17-A of the Insurance Law.
There are two phases to be considered in the disposition of this motion, the first being whether or not the plaintiff has presented sufficient facts to establish absolute liability against the defendant driver and whether said facts in addition thereto satisfy the court that the plaintiff driver was not contributorily negligent; the second is whether or not, as claimed by the defendant, it is in effect by reason of its statutory liability immune from summary judgment. (The defendant hereinafter shall be referred to as the M.V.A.I. C.)
The plaintiff’s moving papers disclose that on December 23, 1961 at about 2:45 a.m., the plaintiff was operating a cab going south through Central Park, which is a one-way southbound roadway, when he was struck head-on by the defendants’ vehicle which was proceeding north in the wrong direction of travel. Plaintiff alleges that the appearance of the defendants’ car and the impact with his cab was a matter of a second or so, and that at the time of the impact he was going around a curve at an approximate speed of 10 to 15 miles per hour. After the summons was served on the driver and owner of the defendants’ vehicle, it was ascertained that said defendants were uninsured at the time of the accident and subsequently thereto a claim was made against the M. V. A. I. C. The defendant in its opposing affidavit, which was submitted by an attorney associated with the attorneys of record, submits no actual opposition insofar as the manner in which the accident took place, but merely relies upon its theory that since M. V.A.I. 0. must defend the owner and driver of the uninsured car, there can be no summary judgment against it. The defendant relies upon certain cases which will be hereinafter discussed. A reply affidavit was served wherein the plaintiff’s attorney points out that the M. V.A.I. 0. had the individual defendants available and had secured from *279 them statements relating to the accident itself, and in addition thereto, the M. V. A. I. C. had secured statements from the plaintiff. The court has received no further papers from either the plaintiff or the defendant M. V. A. I. C. and no response to the plaintiff’s allegation as to the availability of the driver and owner to the M. V. A. I. C. In effect, the M. V. A. I. C. does not question liability, but merely suggests that the court is powerless to order an assessment of damages by reason of its derivative liability. The M. V. A. I. C. cites the decision of Mr. Justice Fine of the New York Supreme Court in Bandi v. Noonan (N. Y. L. J., April 12, 1961, p. 13, col. 7), in which case a motion for summary judgment was denied. That case can be distinguished from the case at bar since there the uninsured defendant had disappeared and therefore the M. V. A. I. C. could not learn from him the facts of the accident. Truly, there the defendant’s disappearance substantiated the M.V.A.I. C.’s claim of lack of knowledge or means to controvert the facts. Justice Fine made a similar disposition in the case of Doody v. Motor Vehicle Acc. Ind. Corp. (N. Y. L. J., May 1, 1961, p. 17, col. 3). In the case of De Freitas v. Root (N. Y. L. J., July 6, 1962, p. 8, col. 3) Justice Stier merely points out that since the facts upon which the motion for summary judgment was predicated were exclusively within the knowledge of the moving party, summary judgment could not lie where the M. V. A. I. C. could not obtain an affidavit from the driver to submit in opposition. Other denials of summary judgment against the M. V. A. I. C. have been predicated on the basis of the disappearance of the uninsured parties. (See Torres v. O’Keefe, 35 Misc 2d 347.)
Examination of the Insurance Law, sections 606 to 626 (art. 17-A) fails to disclose any basis for a finding that the M.V.A.I. C. is not subject to a summary judgment. In a recent Per Curiam opinion in the Appellate Division, First Department (Overseas Reliance Tours & Travel Serv. v. Sarne Co., 17 A D 2d 578) in discussing a situation where the defendant claimed that certain critical facts were exclusively and peculiarly within the knowledge of the moving party, the court said: “ Summary judgment is not to be denied where the opposing party merely establishes ignorance of some relevant, even critical, fact. It must also appear that the ignorance is unavoidable ; that the opposing party is unable, through any reasonable means, to discover the truth now. Such an instance arises when, from the circumstances, proof of the facts is, of necessity, *280 sary.” Thus the late Mr. Justice Shiektag in his authoritative monograph, Summary Judgment, stated (p. 83) :
“ Since the rule was aimed against defenses that are feigned and not genuine, it follows that a defendant’s genuine lack of knowledge of the facts constituting the plaintiff’s claim is ground for a denial of the motion. If the facts on which the application for summary judgment is based are exclusively within the knowledge of the moving party, the relief asked for will be denied. If this were not so, summary judgment would be a perversion of justice, instead of in furtherance thereof.
“ The answering affidavit should disclose this situation clearly. It should set forth enough to show that, in truth, the opposing party has no knowledge of the essential facts and that the situation is such that he could not reasonably be expected to have such knowledge. It should set forth, for example, what efforts were made to ascertain the facts, and with what result. If the facts are available to the opposing party by investigation or inquiry on his part, his plea of lack of knowledge would be without force ”.
In the instant case, the plaintiff alleges all the facts and the defendant asserts in effect that it has no such knowledge of the facts. The defendant offers nothing to establish that its ignorance of the facts is unavoidable or that it is unable to obtain or discover the true facts now. It merely asserts that summary judgment does not lie against it because of its statutory position. It does not produce an affidavit by the driver or owner of the uninsured vehicle who were not hit-and-run drivers, but who are presently available to the defendant (a fact which they do not deny). Accordingly, with respect to the first phase discussed herein, the court finds that the plaintiff has sufficiently placed itself within the rule of Di Sabato v. Soffes (9 A D 2d 297).
As to the second phase, the court finds that there appears to be no legislative provision which clearly sets out any intent on the part of the Legislature in enacting article 17-A of the Insurance Law to grant immunity to the M. V. A. I. C. The effect of the various sections of article 17-A pertaining to the M. V. A. I. C. appearing on behalf of uninsured persons merely places the M. V. A. I. C. in a position of being a defendant, and being a defendant, without any clear legislative pronouncement to the contrary it must appear in court as any other defendant, entitled to receive whatever benefits or be amenable to whatever hazards a litigant defendant would be subject to under ordinary circumstances. This court is not convinced that the M. Y. A. I. C. should occupy any better position than the usual defendant. There is no specific legislation anywhere which grants to the *281 M.V.A.I.C. an exemption from the provisions of the Civil Practice Act.
Summary judgment is granted to the plaintiff and this ease is set down for an assessment of damages at Trial Term Part I for the 10th day of June, 1963.