Per Curiam.

The Motor Vehicle Accident Indemnification Corporation is not, as a matter of law, immune from the granting of summary judgment against it in a negligence case. The cases cited by it in support of that proposition hold only that summary judgment will not be granted where the facts concerning the accident are solely within the knowledge of the moving party, and where the person whose actions gave rise to the liability asserted is not within the control of or available to the defendant (Torres v. O’Keefe, 35 Misc 2d 347; Bandi v, Noonan, N. Y. L. J., April 12, 1961, p. 13, col. 7; DeFreitas v. Root, N. Y. L. J., July 6, 1962, p. 8, col. 3; Doody v. MVAIC, N. Y. L. J., May 1,1961, p. 17, col. 3).
Plaintiff, moreover, established his cause of action sufficiently to entitle him to judgment as a matter of law. In the interest of justice, nevertheless, the defendant-appellant shall be afforded the opportunity to meet the burden placed upon it and may move at Special Term to vacate the order upon affidavits showing the existence of triable issues or that, because the defendants were not available to it, summary judgment should not be granted.
The order should be affirmed, without costs, with leave to the defendant-appellant, if it is so advised, to move at Special Term to vacate the order granting summary judgment, for a rehearing and for the submission of further affidavits showing the existence of triable issues of fact.
Concur — Hofstadter, J. P., Gold and Tilzer, JJ.
Order affirmed, etc.