Guy Gilbert Ribaudo, J.
This is a motion to vacate a prior order granting summary judgment against the defendant and a rehearing of said motion based upon further affidavits allegedly showing .the existence of triable issues of fact. The rehearing is granted and the court will now consider the affidavit submitted by the driver of the vehicle involved.
At the outset the court would like to state that the attorneys for the defendant would have it appear that they were mandated by the Appellate Term .to submit further affidavits showing the existence of triable issues of fact. The Appellate Term saw fit in its affirmance of the prior disposition to suggest an application for a rehearing if the defendant was so advised. However, it certainly did not order it.
The papers in support of this present motion contain therein a statement by the attorneys that prior hereto no affidavit had been submitted by the defendant’s driver but now he submits his affidavit as a defense to summary judgment. The affidavit merely sets forth a story that prior to the defendant driver’s entering into the park where the accident occurred that he was given permission to enter a one-way road while traveling in the opposite direction. The defendant seeks to establish that the accident occurred or was produced as a result of the permission given to him by the police officer. It is no defense that some act of another may have concurred to produce the result. *164 (Foiles v. Marco, 262 App. Div. 1024.) Moreover defendant admits that “ about half way through the park I realized I was proceeding in the wrong direction on a one way street.” Hence despite defendant’s realization of his mistake and wrong doing, he did not stop his vehicle and turn around, but with absolute disregard of the safety of vehicles correctly traveling in the legally correct direction continued in the same direction at a speed as defendant admits as high as 25 miles per hour. Under these circumstances, the asserted speed of plaintiff’s vehicle even at 40 miles per hour, as defendants claim, was not the proximate cause of the accident. Defendant’s assertion that plaintiff was traveling in the correct direction but on the left side of this one-way thoroughfare has no meaning here except to show plaintiff was lawfully traveling in the proper direction.
It is manifest that the defendant has shown no evidence as leads the court to the view that the issue posed of negligence and contributory negligence actually exists. (See Monje v. Figuerola, 39 Misc 2d 277, affd. sub nom. Monje v. MVAIC, 42 Misc 2d 817.)
In order to defeat this motion for summary judgment the defendant must show a bona fide defense pursuant to the reasoning set forth in the case of Di Sabato v. Soffes (9 A D 2d 297).
After rehearing and for the foregoing reasons the original motion for summary judgment stands and this case is set down for assessment of damages at Trial Term, Part I, for the 30th day of March, 1964.