In the Matter of Adolph Schayes, Respondent, against James R. Macduff, as Commissioner of Motor Vehicles of the State of New York, Appellant.— Final order reversed, without costs of this appeal to either party, and order of the Commissioner of Motor Vehicles reinstated. Memorandum. The revocation of the operator's license was mandatory, pursuant to paragraph (c) of subdivision 2 of section 71 of the Vehicle and Traffic Law. The commissioner had no discretion once he had determined, to his satisfaction, that the magistrate had complied with section 335-a of the Code of Criminal Procedure, as amended by chapter 288 of the Laws of 1953. He had before him the certificate of the magistrate which recited compliance with the statute and which is presumptive evidence of the facts recited therein. (Vehicle and Traffic Law, § 70, subd. 11.) The commissioner was therefore justified in determining to his satisfaction that section 335-a was complied with. He was under no duty to go beyond the certificate nor to hold a hearing or make findings. (*Matter of Gross* v. *Macduff*, 284 App. Div. 786.) In this proceeding under article 78 of the Civil Practice Act, to compel reinstatement of the operator's license, the Special Term had before it, the petition, the answer and two affidavits of the Justice of the Peace. The petition appears to be predicated upon the provisions of section 335-a of the Code of Criminal Procedure as they were prior to the 1953 amendment. The petitioner merely states that he " does not recall that the Justice of the Peace advised him of the several elements contained in Section 335-A of the Code of Criminal Procedure." The affidavit of the Justice in support of the petition that he inadvertently failed to advise the defendant " of the legal effect and consequences of a plea of guilty  *  *  *  in that deponent did not advise Schayes that in the event of a plea of guilty, or a conviction after trial, his operator's license must be revoked, and that such revocation is mandatory ". Such instruction was not required subsequent to July 1, 1953. (*Matter of Eckerson* v. *Macduff*, 284 App. Div. 56.) The affidavit of the Justice attached to the answer is not inconsistent with the one in support of the petition and it shows full compliance with the statute as amended in 1953. No question of fact is presented which requires a hearing at Special Term. All concur. (Appeal from a final order declaring void the order of the Commissioner of Motor Vehicles which revoked petitioner's operator's license.) Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ.

■

Robert J. Childs et al., Appellants, v. State of New York, Respondent. (Claim No. 31312.) — Judgment affirmed, without costs of this appeal to any party. All concur. (Appeal from a judgment dismissing a claim for damages for a claimed appropriation of an easement in realty.) Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ.