Charles A. Loreto, J.
Motion for an order directing the Commissioner of Motor Vehicles to review and annul an order revoking the petitioner’s chauffeur’s license. Petitioner was involved in an automobile accident at a time when there had been filed with the Bureau of Motor Vehicles a notice from the insurance carrier to the effect that the insurance covering the vehicle in question had been terminated. This application is based solely upon the statement of the petitioner to the effect that an agent of thé insurance company had agreed to renew the policy of insurance covering the vehicle in question and that he had failed to do it. He has named as an additional respondent the insurance company, which appeared specially and moved for a dismissal on the ground that it is not a proper party to this proceeding. That motion is granted.
Section 93-b of article 6-A of the Vehicle and Traffic Law of the State of New York provides that no motor vehicle shall be registered in the State of New York unless the application for such registration is accompanied by proof of financial security, which shall be evidenced by a certificate of insurance and that the owner of such motor vehicle shall maintain proof of financial security continuously throughout the period of registration. It further provides that when insurance with respect to any motor vehicle is terminated by cancellation or failure to renew, the owner shall surrender forthwith his registration certificate and the number plates of the vehicle to the commissioner unless proof of financial security is otherwise maintained as provided in article 6-A of said act.
The commissioner’s act in this case was proper and legal. He was required to do what he did by the statute. He is not required nor permitted to determine a controverted question as to whether insurance was or should have been in effect, such as here presented. The beneficial purpose of the statute would be considerably weakened, if not completely frustrated, if the petitioner’s position were maintained. His remedy, if any, is against the insurance carrier and its agent.
The motion is denied.