In the Matter of LAWRENCE DRASIN, Petitioner, against JOSEPH P. KELLY, as Commissioner of the Bureau of Motor Vehicles of the State of New York, Respondent.

First Department, November 5, 1958.

*Lawrence Drasin,* petitioner in person.

*Hyman Amsel* of counsel (*Samuel A. Hirshowitz* with him on the brief; *Louis J. Lefkowitz, Attorney-General,* attorney), for respondent.

BASTOW, J. In this proceeding the petitioner seeks a review of a determination of respondent suspending petitioner's operator's license for 60 days. The action was taken pursuant to section 71 (subd. 3, par. [d]) of the Vehicle and Traffic Law which provides for permissive suspension or revocation of a license "for habitual or persistent violation of any of the provisions of this chapter, or of any lawful ordinance, rule or regulation made by local authorities in relation to traffic". It is further provided in the section that where such action is permissive "the holder shall have an opportunity to be heard except where such revocation or suspension is based solely on a court conviction or convictions".

In December, 1957 petitioner was directed by the commissioner to appear at a hearing to be held at a stated time and place to investigate petitioner's "persistent violations of the traffic laws." A stenographic record was made of the proceedings at the hearing. Petitioner was the only witness and no documentary evidence of any kind, including certificates of convictions, was offered or received in evidence. The hearing

referee stated the purpose of the hearing and then said that the records of the bureau showed the following violations: " 2/9/54, speeding; 9/6/54, red light; 1/21/56, signal light; 3/11/57, speeding; 7/19/57, speeding." The petitioner admitted that the record was correct.

At the outset it is important to keep in mind the two kinds of administrative proceedings provided by section 71 of the Vehicle and Traffic Law. Subdivision 2 thereof relates to mandatory suspensions and revocations. In such a case the commissioner has no discretion, once he has before him the requisite certificates of conviction and has determined to his satisfaction that there has been due compliance with section 335-a of the Code of Criminal Procedure. There is no requirement for a hearing or the making of findings. (Cf. *Matter of Schayes* v. *Macduff*, 285 App. Div. 1220.) In such event the reasonableness of the commissioner's action may be reviewed but the question before the court is whether the action was arbitrary or capricious (*Matter of Arcuri* v. *Macduff*, 286 App. Div. 17, 22, 23; decision vacated on other grounds 1 A D 2d 733). The second type of proceeding, and the one with which we are here concerned, is the review of the grant of administrative authority to the commissioner pursuant to subdivision 3 of section 71 to permissively suspend or revoke a license. This, as provided in section 71, may only be done after the licensee has had an opportunity to be heard " except where such revocation or suspension is based on a court conviction or convictions ". It is further provided in subdivision 6 of section 71 that " No suspension or revocation of a license or certificate of registration shall be made because of a judgment of conviction if the suspending or revoking officer is satisfied that the magistrate who pronounced the judgment failed to comply with section three hundred and thirty-five-a of the code of criminal procedure."

Here, as has been stated, petitioner was accorded a hearing and evidence was taken to the extent that petitioner was sworn and questioned by the hearing referee. Thus, the scope of judicial review is to determine whether there is substantial evidence to support the decision of the commissioner. (*Matter of Jenson* v. *Fletcher*, 277 App. Div. 454, 457, affd. 303 N. Y. 639.) There were oral admissions of a speeding and red light violations in 1954, a signal light violation in 1956 and two speeding violations in 1957. In addition the petitioner in response to questions testified as to the facts surrounding the two speeding violations in 1957. He also was questioned as to four accidents during the previous five years.

The issue before us is clouded, however, by what appears to have transpired at the hearing and the position taken by counsel for the commissioner before this court. The focal point of the hearing was the violations committed by petitioner. There is no reference in the transcript to any conviction. In this proceeding, however, the attorney for respondent in his brief states that petitioner was "convicted" of the stated "violations". The commissioner in passing upon the charge that petitioner was a persistent violator within the meaning of section 71 had a choice of several methods of proceeding. First, he could have taken testimony *de novo* from the necessary witnesses to prove the violations. Second, he could have based his decision upon admissions made by the licensee that he did on stated occasions violate a traffic law or ordinance without regard to whether he was convicted thereof. If the violations were denied by the licensee then presumably respondent could rely upon certificates of conviction provided such proposed action was made clear at the hearing. If the question of non-compliance with section 335-a of the Code of Criminal Procedure was adequately raised at such hearing then the commissioner would be enjoined from affirmative action upon the basis of such convictions if he was satisfied that there had not been compliance with the provisions of the section.

In this proceeding the petitioner contends in substance that the suspension order was invalid because of the absence of any proof of compliance with section 335-a of the Code of Criminal Procedure. It is stated in the petition that in no case where petitioner was accused of a violation had the requisite warning been given. In his answer the commissioner directs our attention to the last speeding violation and attaches an exhibit consisting of a summons and notice from which it appears that the notice was a substantial compliance with section 335-a, as amended in 1953 (L. 1953, ch. 288). It is contended that this was sufficient upon the authority of *Matter of Ross* v. *Macduff* (309 N. Y. 56). In so doing the respondent overlooks the impact of the 1953 amendment of section 335-a as construed in *Matter of Hubbell* v. *Macduff* (2 N Y 2d 563), wherein it was held that after July 1, 1953 a licensee is entitled to the section 335-a warning in connection with each alleged violation and not only if an adjudication of guilt in the particular case would or might lead to a license suspension or revocation. While there is some ambiguity in the record before the referee, it would seem that the petitioner adequately raised the question of the absence of such a warning so as to require some proof in the record before the referee of compliance with section 335-a

if punitive action was being taken upon the basis of petitioner's prior convictions.

In summary, we construe the pertinent provision of section 71 here under consideration to relate to violations of statute or ordinance as distinguished from convictions therefor. The admission by petitioner of these violations was a formal act which conceded that the fact alleged was true and dispensed with the necessity of production of evidence (cf. 4 Wigmore on Evidence [3d ed.], § 1058). The case is presented to us, however, as one where the commissioner acted on the basis of convictions with ensuing contentions by the respondent as to the implementation of section 335-a that we view as untenable. Thus, it is required that the proceeding be remanded to the commissioner for clarification.

Moreover, such action is necessary in any event because of a patent error in the referee's decision. As heretofore stated, the violations shown by the records of the bureau and admitted by petitioner occurred in the years 1954, 1956 and 1957. The referee, however, made a finding of an additional speeding violation in 1953. There was no proof thereof in any form before the referee. We cannot determine what weight was given this unproved violation in the fixing of punishment.

We reach our conclusion in this proceeding with considerable reluctance. The petitioner is an attorney 23 years of age who has built up an impressive record of traffic violations and traffic accidents. The determination should be annulled on the law, without costs, and the matter remitted, in the exercise of discretion, to the commissioner for further proceedings in accordance with this opinion.

BREITEL, J. P., RABIN, VALENTE and McNALLY, JJ., concur.

Determination unanimously annulled on the law, without costs, and the matter remitted, in the exercise of discretion, to the Commissioner of the Bureau of Motor Vehicles of the State of New York for further proceedings in accordance with the opinion of Mr. Justice BASTOW.