George Eilperiu, J.
In this proceeding pursuant to article 78 of the Civil Practice Act, petitioner seeks an order to restore his right to operate and register a motor vehicle in the State of New York. On November 25, 1958 such right had been revoked by the Commissioner of Motor Vehicles for a period of one year by reason of petitioner’s involvement on July 20, 1958 in an accident in the operation of his automobile while he did not have proper insurance coverage.
On the day of the accident petitioner was a resident of the State of Florida and was licensed by it to drive a motor vehicle. His automobile was also registered in the State of Florida and he carried auto liability insurance in limits of $25,000/$50,000 for personal injuries and $5,000 for property damage with the National Fidelity Insurance Company, a company licensed to do business in the State of Florida, but not licensed to do business in the State of New York. The said company did not file, in accordance with section 93-a (subd. 4, par. [c]), with the Commissioner of Motor Vehicles of the State of New York a statement consenting to service of process and declaring that its policies shall be deemed to be varied to comply with the requirements of article 6-A of the Vehicle and Traffic Law.
It is asserted by the petitioner that this provision violates the 14th Amendment of the Federal Constitution in that it places unjustifiable and unreasonable restrictions upon nonresidents.
The purpose of article 6-A is to protect the public on the highways against the operation of motor vehicles by financially irresponsible persons and thus is referable to the police power of the State. The power is inherent in every sovereignty and *1064 permits the enactment of laws within constitutional limits to promote the health, safety, morals or general welfare of its citizens. The enacted laws under this power must not be arbitrary, discriminatory, capricious or unreasonable and must have a real and substantial relation to the object sought to be obtained. (People ex rel. Pinello v. Leadbitter, 194 Misc. 483, affd. 275 App. Div. 864, affd. 301 N. Y. 695.)
Section 93-a (subd. 4, par. [c]) of the Vehicle and Traffic Law has a real and substantial relation to the protection of the public in the respects mentioned and, accordingly, constitutes a proper exercise of the police powers of the State. I am unable to see how the purposes of protecting the citizens of this State from financially irresponsible drivers can be fulfilled if we were to permit the use of our highways by drivers who are covered for liability with a company irrespective of the nature or responsibility of the insurer. The protection intended cannot be afforded unless the State has some control over the insurer. The State has accordingly imposed certain obligations on insurers so that the injured person shall have the means of obtaining payment for any recovery that he might obtain against the negligent operator of the automobile. Thus, if a resident operator cannot supply a policy of insurance as provided for under the provisions of article 6-A then he may not utilize the highways. Section 93-a (subd. 4, par. [c]) makes the safeguards which are applicable to resident operators applicable to the nonresident operators. This is not a discrimination against nonresidents, denying them the equal protection of the law. On the contrary, it puts nonresident owners upon an equality with resident owners. (See Packard v. Banton, 264 U. S. 140 and cases cited therein; Hess v. Pawloski, 274 U. S. 352; Continental Baking Co. v. Woodring, 286 U. S. 352.)
' It is further urged that the Motor Vehicle Financial Security Act adopts no standard which the Commissioner of Motor Vehicles can follow as a basis for revoking the petitioner’s driving and registration rights and it is thus unconstitutional.
Section 93-h (subd. 4, par. [a]) of the Vehicle and Traffic Law provides that: ‘ ‘ The commissioner, upon receipt of evidence that the owner of a motor vehicle not registered in this state has operated or permitted such motor vehicle to be operated upon the public highways of this state while proof of financial security was not in effect with respect to such vehicle, shall revoke such person’s privilege to operate any motor vehicle in this state and the privilege of the operator within the state of any motor vehicle owned by him. ’ ’
*1065 This section is clear, reasonable and understandable. It does not give the Commissioner unfettered discretion which may be interpreted by him as he pleases, but imposes upon him a mandatory duty to revoke the privilege set forth upon receipt of evidence of the operation of a vehicle when proof of financial security was not in effect. Although the extent of the evidence is not set forth in the act it is presumed that it must be of substantial character sufficient to justify his action. (Zimmerman v. Kelly, 9 Misc 2d 989.) Once he has this evidence he has no duty to hold a hearing or make findings. (See Schayes v. Macduff, 285 App. Div. 1220.) The beneficial purpose of the statute would be frustrated if the Commissioner would not be able to suspend or revoke the privilege of the use of the highways by a person not financially secured until after a hearing was held. The police power of the State reaches this situation.
No right to the relief sought having been shown, the motion is denied and the petition is, accordingly, dismissed.