Louis 6r. Bbuhh, J.
This is an article 78 (Civ. Prac. Act) proceeding to set aside the order of the Commissioner of Motor Vehicles revoking petitioner’s driving license and his certificate of registration.
On May 31, 1960, petitioner was a resident of the State of Maine and owned an automobile which was registered in that State which State did not require liability insurance.
On that date he operated his automobile in the City of Schenectady without liability insurance or without being covered by financial security, and was involved in an accident.
*881 On July 26, 1960 the Commissioner of Motor Vehicles issued an order revoking his privilege to operate the motor vehicle and the privilege of the operation of a motor vehicle in New York State.
On or about August 31,1960 the petitioner moved from Maine and became a resident of New York State. In the following month he applied for and received a registration certificate and plates. Since there was no question on the application with regard to the revocation of nonresident privileges he was not compelled to divulge such information thereon.
It appears that at the time of the accident he had a New York State driver’s license which he had renewed as of May 9, 1960.
On January 19, 1961 the Commissioner of Motor Vehicles amended the July order to include the petitioner’s New York State registration and his New York State operator’s license.
The petitioner’s contention that the Commissioner had no authority to revoke his New York State registration and operator’s license under the circumstances outlined is without merit.
This court cannot subscribe to an argument suggesting a legislative intent which would limit the interpretation of subdivisions 2, 4 and 9 of section 318 of the Vehicle and Traffic Law and which would enable the petitioner to defeat the purpose of such section by avoiding a penalty imposed for noncompliance with the financial security provisions whether as a nonresident or a resident.
Confusion arises, it seems to this court, by the petitioner’s attempt to regard nonresident privileges as differing from resident privileges.
The legislative intent of the above subdivisions of section 318 is to deny to violators thereunder the right to operate either the vehicle, which was the subject of the violation, or to operate any vehicle within the State of New York for a period of one year following revocation.
Any other interpretation would swing wide the gates for evasive tactics which would certainly destroy the purpose of its enactment.
It seems incongruous that this petitioner should argue that the Commissioner of Motor Vehicles had the right to revoke his “ non-resident privileges ” but had no authority to revoke his so-called resident rights.
For the purposes of this section, at least, there is no difference between the two since essentially what is involved in both situations is the right to operate a car or have the car affected operated within the jurisdictional limits of New York State.
*882 That conclusion is fortified by an analysis of the subdivisions involved.
Basically subdivision 2 is designed to cover vehicles registered in New York State or unregistered and operated here or in other jurisdictions without proof of financial security.
Subdivision 4 is framed to cover vehicles not registered in this State but operated here without proof of financial security. Certainly this subdivision would be sufficient authority for the Commissioner’s order of July 26, 1960.
Subdivision 9 (par. [a]) is intended to supplement and implement the provisions of subdivision 2 if an accident also is involved and subdivision 9 (par. [b]) has the same purpose so far as subdivision 4 is concerned.
Subdivision 9 (par. [b]) provides, in part: “ If a motor vehicle not registered in this state is involved in an accident in this state and the privilege of its operation within this state has been revoked, then neither its oioner, any person legally responsible for its use nor its operator shall exercise the privilege of the operation of such vehicle within this state or the privilege of operation within this state of any motor vehicle, until one year has passed since the date of revocation ”. (Italics supplied.)
Certainly the instant vehicle at the time of the accident was not registered in this State and the privilege of its operation was legally revoked on July 26, 1960.
Therefore, the consequences directed to flow from such revocation under subdivision 9 (par. [b]) are twofold:
(1) The owner shall not exercise the privilege of operating that vehicle within this State for one year from the date of revocation and
(2) The owner also shall be denied the privilege of operating any motor vehicle within the State for one year.
Such results are no more severe in the case of a nonresident than they are in the case of a resident similarly involved.
It is completely illogical for the petitioner to blow hot and cold by saying the Commissioner can deprive him of nonresident privileges but not of resident privileges when each is identical.
Significantly, in its application to residents operating without financial security, subdivision 2 (par. [b]) provides: “ Such motor vehicle shall not be registered in the name of such person, or in any other name where the commissioner has reasonable grounds to believe that such registration will have the effect of defeating the purpose of this article, and no other motor vehicle shall be registered in the name of such person, nor any driver’s *883 license issued to such person, for a period of one year from the date of such revocation.” (Italics supplied.)
Obviously such language suggests a legislative intent contrary to that advocated by the petitioner.
Since section 318 mandates a revocation of one year no violation of due process is involved. (Matter of Bookbinder v. Hults, 19 Misc 2d 1062.)
Furthermore, so far as the certificate of registration is concerned the petitioner should not have had it in the first place particularly since he knew the prohibition contained in the order of July 26, 1960 and as a former resident of New York and a holder of a driver’s license therefrom he certainly cannot veil himself with the defense of ignorance.
While the duration of the revocation presents a complication as between the certificate of registration and the driver’s license it is the opinion of this court that the one-year period of revocation for the registration should be extended by adding the period from the date of obtaining the same to the date of actual surrender.
Since the petitioner was in possession of a New York State driver’s license during the entire period it might be argued that he has suffered no penalty at all so far as its use is concerned. However, in view of the date of the revocation order and the other circumstances, it might be more consistent to have the periods of both run concurrently thereby eliminating any factual question of whether he actually did or did not use it.
Therefore, for the reasons stated, the petitioner’s application is denied, without costs, and the stay heretofore granted is vacated.