Richard J. Cardamone, J.
The petitioner, Lyle Kent Stevens, a resident of the State of New York, had his operator’s license and registration revoked by the respondent, the Commissioner *169 of Motor Vehicles of the State of New York, by an order dated September 17, 1963. The petitioner’s automobile was involved in an accident on May 31, 1963 at a time when there had been filed with the Department of Motor Vehicles a Form FS-4 from the petitioner’s insurer stating that the petitioner’s insurance had been terminated as of May 23,1963.
The petitioner brings this proceeding to have this court review and set aside the revocation of his license and registration. In his petition, the petitioner sets forth facts which would indicate that his failure to have insurance coverage was not due to any fault of his, but that it was an error on the part of his insurance agent or the insurance company which the petitioner claims failed to send him a 20-day notice [sic] prior to the cancellation.
Section 318 (subd. 2, par. [a]) of the Vehicle and Traffic Law provides: “The Commissioner upon receipt of evidence that the owner of a motor vehicle registered in this state * * * has operated * * * such motor vehicle " * * upon the public highways of this * * * state while proof of financial security was not in effect with respect to such vehicle, shall revoke the registration, if any, of the vehicle and the driver’s license, if any, of such owner.” The respondent, Commissioner of Motor Vehicles, received the FS-4 from the .¿Etna Casualty and Surety Company, dated May 23, 1963, advising him that the insurance of the petitioner had been terminated on that date. Article 6 further provides that the owner of a motor vehicle shall maintain proof of financial security continuously throughout the period of registration. The Commissioner’s action here was proper. The statute is mandatory. He is not required, nor permitted, to determine controverted questions of fact as are raised in this petition. The beneficial purposes of the statute would be considerably weakened if it were otherwise. (Bookbinder v. Hults, 19 Misc 2d 1062 [Supreme Ct., Kings County, 1959].) Petitioner relies here upon the requirements of section 313 of the Vehicle and Traffic Law which provide that no contract of insurance shall be cancelled by the insurer for nonpayment of premium until after 10 days ’ notice is given the insured. This section and cases cited by petitioner have application in actions against the insurer but are not relevant here. (Connecticut Fire Ins. Co. v. Williams, 9 A D 2d 461 [3d Dept., 1959]; La Barre v. Nationwide Mut. Ins. Co., 16 A D 2d 842 [3d Dept., 1962]; Mong v. Allstate Ins. Co., 15 A D 2d 257 [4th Dept., 1962].)
The burden is on the insured to comply with the statute and to either cease operating his automobile when his insurance expires or to obtain new insurance. The petitioner having failed *170 to do either, the Commissioner’s action was mandatory under the statute (Vehicle and Traffic Law, § 318, subd. 2, par. [a]).
The supervening public interest that attaches to the contract of insurance (Vehicle and Traffic Law, § 313) relates, as does the entire scheme of the compulsory insurance law, to the protection of the public. The 10-day notice of cancellation for nonpayment of premium, is for the protection of the public. This period of time permits the Commissioner of Motor Vehicles, as directed by the statute’s mandate, to remove the uninsured driver from the highways of this State. This so-called 10-day grace period protects the public and is available in actions against the insurer, La Barre v. Nationwide Mut. Ins. Co. (supra) but is not available as a defense for the insured when the Commissioner acts under section 318 (accord, Teeter v. Allstate Ins. Co., 9 A D 2d 176 [4th Dept., 1959], affid. 9 N Y 2d 655 [1961]).
Petitioner may have remedies against the insurance carrier and its agent (Matter of Berger v. Kelly, 13 Misc 2d 769 [Supreme Ct., Bronx County, 1958]; Schayes v. Macduff, 285 App. Div. 1220 [4th Dept., 1955]), or perhaps against the Commissioner of Motor Vehicles in an article 78 proceeding in the nature of mandamus on the basis of the facts stated in the petition relative to petitioner’s present financial security. The present posture of the case before this court permits no determination of those issues. The petition is dismissed, without costs.