Charles B. Brasser, J.
In this proceeding pursuant to article 78 of the Civil Practice Act, petitioner seeks an order to restore his operator’s license revoked by the Commissioner of Motor Vehicles by order dated July 16, 1963, by reason of petitioner’s involvement on November 8, 1962, in an accident, at which time he did not have financial security as required by statute.
It is petitioner’s claim that his automobile was parked in the rear of his residence in the City of Rochester; that he had sold his car to one Alfred Le Beau shortly after he had been notified that the registration on his automobile had been revoked for failure to carry insurance coverage; that while the automobile was so parked, his brother, Joseph Fontaine, took the car without his specific permission and became involved in an automobile accident; that the subsequent revocation of petitioner’s operator’s license was illegal and unjustified because the title to his automobile had passed prior to the date of the accident aforesaid.
Section 318 of the Vehicle and Traffic Law provides as follows:.
“ 1. (a) The commissioner, upon receipt of evidence that proof of financial security for any motor vehicle registered in this state is no longer in effect shall revoke the registration of such vehicle. * * *
“ 2. (a) The commissioner upon receipt of evidence that the owner of a motor vehicle registered in this state, or an unregistered motor vehicle, has operated, or permitted such motor vehicle to be operated upon the public highways of this or any other state while proof of financial security was not in effect with respect to such vehicle, shall revoke the registration, if any, of the vehicle and the driver’s license, if any, of such owner.”
*314 There can be no doubt as to the legal sufficiency of the evidence before the Commissioner, consisting largely of exhibits, requiring the revocation of petitioner’s operator’s license. The enforcement of the statutory provisions with reference to revocation in the event of failure to carry financial security constitutes a proper exercise of the police powers of the State. The statute is designed to protect citizens of the State from financially irresponsible drivers. The duty to enforce the statute is mandatory and when the evidence is sufficient to justify his action, the Commissioner has no obligation to hold a hearing or make findings. (Matter of Zimmerman v. Kelly, 9 Misc 2d 989; Matter of Schayes v. Macduff, 285 App. Div. 1220.)
It is apparent that the beneficial effect of the statute would be frustrated if the Commissioner could not suspend or revoke the registration and operator’s license until after a hearing was held. There is no legal obligation or duty upon the Commissioner to determine the title to a motor vehicle as between the registered owner and an alleged purchaser holding no certificate of registration. The petition is, accordingly, dismissed.