In the Matter of HARVEY T. LANGABEER, III, Petitioner, *v.* WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Special Term, Suffolk County, January 14, 1967.

*William G. Kerwick* for petitioner. *Louis J. Lefkowitz, Attorney-General,* for respondent.

JACK STANISLAW, J. Langabeer was driving a car involved in an accident on September 1, 1964. The car was uninsured at the time and so, on June 21, 1966, the Commissioner of Motor Vehicles made an order revoking Langabeer's driver's license as well as the registration and license of the ostensible owner of the vehicle, Langabeer's wife. However, this order was

amended June 30, 1966 so as to rescind the prior order so far as Mrs. Langabeer was concerned and to revoke petitioner's registration of the car in addition to his license.

This petition is directed to a review of the respondent Commissioner's actions, and asks that they be set aside and Langabeer's license reinstated. It seems that up to about August 16, 1964 the car had been registered in Mrs. Langabeer's name. On that date she claims to have transferred the car to her husband. She advised her auto liability insurance broker to that effect about that same time. Five days later the insurer notified the Motor Vehicle Bureau that the registered owner had terminated her policy. After the accident the insurer disclaimed coverage. A suit against the carrier for judgment declaring its obligation to insure petitioner is now pending. It is Langabeer's contention in that lawsuit and here that the insurer was obligated to continue its coverage of this automobile inasmuch as it had notice of the prior owner's act of turning the car over to petitioner, to be operated by him in this State, thus requiring the carrier to terminate coverage other than by its unilateral act.

Respondent Commissioner has the statutory obligation to revoke upon learning that an uninsured automobile has been operated on public highways in this State (Vehicle and Traffic Law, § 318). The insurer notified the Motor Vehicle Bureau of the termination of coverage prior to petitioner's accident. That and the accident itself brought a probability of the vehicle's lack of insurance to respondent's attention.

The respondent is not required to determine questions regarding the method of the insurer's notice of termination. All he needs is sufficient evidence of noninsurance, and for that purpose the notice forwarded by the carrier serves as a prima facie justification of the subsequent revocation mandated by statute (*Matter of Fontaine* v. *Hults,* 41 Misc 2d 312; *Matter of Courtney* v. *Hults,* 18 A D 2d 1091; *Matter of Stevens* v. *Hults,* 41 Misc 2d 168). Langabeer asserts that he believed himself to be operating an automobile (1) owned by his wife, and (2) covered by liability insurance. Although the police accident report and petitioner's report of accident (MV-104) both list the vehicle's ownership at the time of the accident in Mrs. Langabeer, these alone are insufficient to overcome the required and presumptively proper action of the respondent (cf. *Boyle* v. *Judy Cab Corp.,* 24 Misc 2d 746, mod. on other grounds 12 A D 2d 797; *Matter of Bookbinder* v. *Hults,* 19 Misc 2d 1062).

The issues raised regarding the effectiveness of the insurer's denial of coverage are not only beyond the determinative powers of the Commissioner but beyond the scope of this proceeding as

well. The declaratory judgment action will resolve them, for here they are neither relevant nor even capable of being resolved lacking the insurer as a party very definitely in interest. The petition is dismissed.