In the Matter of EARL F. HANMER, Respondent, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Appellant.

Fourth Department, June 30, 1970.

*Louis J. Lefkowitz, Attorney-General (James G. DiStefano, Ruth Kessler Toch* and *Sidney L. Grossman* ·of counsel), for appellant.

*Daniel Panels* for respondent.

WITMER, J.  In this article 78 proceeding the Commissioner of Motor Vehicles appeals from an order annulling and vacating his determination revoking petitioner-respondent's registration and chauffeur's license for failing to have liability insurance coverage and for operating his automobile without such insurance.  It appears that prior to his determination the ·Commissioner had received from petitioner's insurance carrier on · September 16, 1966 a notice that the insurance on petitioner's automobile had been terminated.

In his petition in support of this proceeding petitioner alleged that he was insured, that the cancellation ·of his insurance by his insurer was a mistake, that he did not have knowledge of the cancellation at the time he was operating his automobile and was involved in ·an accident on December 15, 1966, that he turned his license and registration in to the Commissioner immediately upon being informed 10 days later that his insurance

was canceled, that 30 days thereafter he was advised by the Department of Motor Vehicles that he was eligible for new registration plates and was issued new license plates, registration and chauffeur's license; and that a few months later, on September 6, 1967, his registration and license were revoked for one year. Petitioner asserted that the revocation was illegal because he in fact did have insurance and further that the Commissioner acted improperly in not granting him a hearing. The show cause order granted upon the petition stayed the Commissioner from enforcing his orders of revocation pending court determination of the correctness of his acts.

Special Term took evidence concerning the allegations of the petition (see *Matter of Hubbell* v. *Macduff*, 2 N Y 2d 563, 567), and upon concluding that petitioner's insurance had been in force at all times, granted the petition and annulled the Commissioner's determination and orders of revocation and directed the Commissioner to reissue the registration, number plates and chauffeur's license.

The Legislature has declared it to be the policy of the State of New York that resident owners of all motor vehicles operated on the highways of the State carry minimum liability insurance or comparable security " to respond in damages for their negligent acts " (Vehicle and Traffic Law, § 310); and to implement such policy it has provided that " No motor vehicle shall be registered in this state unless the application for such registration is accompanied by proof of financial security which shall be evidenced by a certificate of insurance [FS1] or " (§ 312). To insure continued compliance with such policy it is further provided that an owner's liability insurance policy may not be terminated by his insurer except by specified notice to the owner and the filing of such notice with the Commissioner of Motor Vehicles (§ 313), the form therefor being FS4; and it is further provided that " The commissioner, upon receipt of evidence that proof of financial security for any motor vehicle registered in this state is no longer in effect, shall revoke the registration of such vehicle " (§ 318, subd. 1, par. [a]). Section 318 (subd. 1, par. [b]) provides that the Commissioner may not reregister such vehicle for 30 days after the revocation. Section 318 (subd. 2, par. [a]) commands the Commissioner, upon receipt of evidence that a motor vehicle owner has operated his vehicle upon the highways while proof of financial security was not in effect with respect thereto, to revoke the owner's driver's license as well as the registration, and paragraph (b) thereof provides that such registration and license may not be reissued to him for one year after such revocation.

.It is agreed that the Commissioner, having received the notice of termination of petitioner's insurance and notice of petitioner's subsequent accident while driving that vehicle, revoked the vehicle's registration under subdivision 1 of section 318 and revoked petitioner's chauffeur's license under subdivision 2 of section 318 and that he was required by law to do so. The evidence which the Commissioner received that petitioner's vehicle was uninsured was of the highest character, that is, notice of termination of the insurance mailed directly from the insurance carrier on official form FS4 provided therefor. Upon receipt of such notice the Commissioner was required to revoke petitioner's registration without a hearing (*Simpson* v. *Tofany,* 58 Misc 2d 843; *Matter of Foster [MVAIC]*, 55 Misc 2d 784, 787; *Matter of Langabeer* v. *Hults,* 52 Misc 2d 730; *Matter of Fontaine* v. *Hults,* 41 Misc 2d 312, 314; *Matter of Bookbinder* v. *Hults,* 19 Misc 2d 1062, 1065; *Matter of Berger* v. *Kelly,* 13 Misc 2d 769). "In any event, the validity of the termination as between the insurer and the insured does not affect the Commissioner's right and duty to revoke the registration and license where he has received sufficient evidence of the termination of the insurance and of the subsequent operation of the vehicle" (*Matter of Courtney* v. *Hults,* 18 A D 2d 1091, 1092).

As the above-cited cases suggest, petitioner may have a grievance against his insurance carrier who, we may assume for the purpose of argument, improperly sent the notice of termination of the insurance, but this could not affect the Commissioner's duty. Petitioner has the unqualified responsibility of maintaining in the office of the Commissioner in the form of an FS1 certificate or otherwise, evidence of his financial responsibility.

The strict intent of the law that all motor vehicles of New York residents on its highways be insured, forbids a construction of the statute to permit the mandatory acts of the Commissioner to be enjoined by court order pending a determination of the existence of an owner's financial responsibility. We hold, therefore, that in case of revocation of a motor vehicle registration certificate because of termination of financial responsibility of the owner by notice to the Commissioner from the insurance carrier, an article 78 proceeding is not available to the owner to determine the validity of the Commissioner's action until the owner has re-established his financial responsibility by filing appropriate evidence of the same in the Commissioner's office; and a denial by the Commissioner that such evidence is on file in his office is sufficient prima facie to deprive the court of jurisdiction to entertain the proceeding.

On the other hand, once an owner has admittedly re-established his responsibility by appropriate filing of evidence thereof in the Commissioner's office, an article 78 proceeding may be employed to determine whether prior revocation was based on error in fact and that at all relevant times the owner-petitioner was insured. Upon such finding by the court, the determination by the Commissioner revoking petitioner's registration and license, though originally required and properly made, should be vacated and annulled, so that petitioner will not be unduly prejudiced by the statutory time restraints upon the Commissioner with respect to reissuance of the registration and license. In this case there was no evidence at Special Term that petitioner's insurer had recalled from the Commissioner its FS4 notice of termination of insurance, and we find that the evidence before Special Term was insufficient to justify a holding that the insurance carrier had agreed that the policy continued viable. Accordingly, the proceeding should be remitted to Special Term so that petitioner may have an opportunity to furnish additional proof, if available, in conformity herewith. Whether or not petitioner's insurance carrier should be brought in as an additional party is left to the discretion of Special Term.

That the foregoing accords with the public policy of the State is evidenced by chapter 259 of the Laws of 1970, enacted April 24, 1970, effective July 1, 1970, adding subdivision 13 to section 318 of the Vehicle and Traffic Law, as follows:

" (a) Subject to the provisions of paragraph (b), no revocation order shall be issued pursuant to this section, or if such revocation order has been issued, it shall be terminated, if the commissioner shall determine that the person involved was not aware of the fact that financial security was not in effect and the failure to have such financial security in effect was caused solely by the negligence or malfeasance of a person other than such person. The provisions of this subdivision shall not apply to any revocation order issued pursuant to subdivision one of this section.

" (b) The burden of proving lack of knowledge that financial security was not in effect and that such failure resulted solely from the negligence or malfeasance of another shall be upon the person seeking to avoid revocation action. Such facts shall be established by clear and convincing evidence, either by the submission of affidavits or at a hearing called in the discretion of the commissioner."

The order appealed from should, therefore, be reversed, the determination of the Commissioner reinstated and the matter

remitted to Special Term for further proceedings consistent with this opinion.

GOLDMAN, P. J., MARSH, MOULE and HENRY, JJ., concur.

Order unanimously reversed on the law and facts, without costs, matter remitted to Special Term for further proceedings consistent with the opinion herein; and determination of the Commissioner reinstated pending the further proceedings.