Harold J. Crawford, J.
This is an article 78 proceeding to annul an order of the respondent Commissioner of Motor Vehicles, dated November 12, 1970, revoking petitioner’s driver’s license and the registration of the 1969 Chrysler owned by petitioner and his wife.
Respondent asserts that on November 23,1965, petitioner was involved in an accident while operating his 1959 Studebaker, that petitioner’s vehicle was not covered by insurance on that date, and that respondent was required by law to revoke petitioner’s license and registration (Vehicle and Traffic Law § 318, subd. 2). It appears that in 1966 respondent mailed the original order of revocation to petitioner’s last known address, but that order was returned to the Department of Motor Vehicles on July 11, 1966, with a notation on the envelope that petitioner had moved without leaving a forwarding address.
Petitioner admits that he was involved in an accident on November 23, 1965, but claims his Studebaker was insured on that date. He states that he purchased this vehicle and the insurance therefor from a dealer in Queens Village, New York, but the dealer is no longer in existence and he is unable to recall the name of the company that insured his automobile. Petitioner also asserts that respondent is estopped from enforcing the order of revocation since five years have elapsed between the date of the accident and the date on which petitioner finally received notice of the order.
Petitioner may not be heard to complain of the delay in the receipt of notice, since he failed to comply with the statute requiring him to notify respondent of his various changes of address (Vehicle and Traffic Law, § 401, subd. 3 ; Matter of Courtney v. Hults, 18 A D 2d 1091).
Petitioner is, however, entitled to the relief he seeks by reason of the fact that respondent canceled petitioner’s license and current registration without any proof that the automobile involved in the accident was not covered by insurance.
Section 318 (subd. 2, par. [a]) of the Vehicle and Traffic Law provides as follows: “ The commissioner upon receipt of evidence that the owner of a motor vehicle registered in this state, *38 or an unregistered motor vehicle, has operated, or permitted such motor vehicle to be operated upon the public highways of this or any other state while proof of financial security was not in effect with respect to such vehicle, shall revoke the registration, if any, of the vehicle and the driver’s license, if any, of such owner.” (Italics supplied.)
In construing this statute, the Second Department has stated: “ Upon the amply sufficient evidence received by the Commissioner that the insurance on petitioner’s motor vehicle had been terminated and that he had thereafter operated the vehicle upon a public highway of this State and had been involved in an accident, the Commissioner was required to revoke his license and registration (Vehicle and Traffic Law, § 318, subd. 1, par. [a], subd. 2, par. [a]; formerly § 93-h, subd. 1, par. [a] ; § 2, par. [a]). * * * In any event, the validity of the termination as between the insurer and insured does not affect the Commissioner’s right and duty to revoke the registration and license where he has received sufficient evidence of the termination of the insurance and of the subsequent operation of the vehicle.” (Italics supplied.) (Matter of Courtney v. Hults, supra, pp. 1091-1092.) (See, also, Matter of Langabeer v. Hults, 52 Misc 2d 730 ; Matter of Fontaine v. Hults, 41 Misc 2d 312.)
As appears from respondent’s memorandum of law, the only “ evidence ” presented to him in the five years since petitioner’s accident was a notice of termination filed by the Exchange Mutual Insurance Company, stating that the insurance on a 1959 Pontiac owned by petitioner was canceled as of November 13, 1965. This notice is clearly insufficient to establish that petitioner’s 1959 Studebaker was not covered by insurance on November 23, 1965.
Moreover, although section 318 (subd. 2, par. [b]) of the Vehicle and Traffic Law prohibits the registration of a vehicle in the name of a person whose license and registration were revoked pursuant to section 318 (subd. 2, par. [a]) of the Vehicle and Traffic Law for a period of one year from the date of such revocation, there is no statutory basis for respondent’s revocation of the Chrysler’s registration as against petitioner’s wife; it does not appear that she was an owner of the vehicle involved in the accident of November 23, 1965.
Accordingly, respondent’s order of June 8, 1966, as amended by his order of November 12,1970, is annulled.