In the Matter of PETER T. VAN WOERT, Respondent, *v.* VINCENT L. TOFANY, as Commissioner of Motor Vehicles of the State of New York, Appellant.

Third Department, June 27, 1974.

*Louis J. Lefkowitz, Attorney-General (Philip J. Fitzgerald, Jean M. Coon* and *Ruth Kessler Toch* of counsel), for appellant.

*Van Woert, Dunn & Konstanty (James E. Konstanty* of counsel), for respondent.

· COOKE, J. The instant proceeding presents the novel issue of whether a statement to a driver, arrested in New York for driving while intoxicated but licensed in the State of Vermont, to the effect that his license and driving privileges would be subject to revocation if he did not submit to a chemical test for intoxication, is a sufficient warning upon which to predicate revocation of a subsequently issued New York State operator's license for his failure to submit to the test.

On January 6, 1973, petitioner, then licensed to drive by the State of Vermont, was arrested and charged with driving while intoxicated by Patrolman Kenneth C. Puffer of the Oneonta Police Department. He was taken to the police station and asked to submit to a breathalyzer test, having been warned of the consequences of a refusal in the following words: '' refusal to submit to a chemical test may result in revocation of your license or driving privileges whether or not you are found guilty of the charge for which you are arrested.'' Nevertheless, petitioner refused to submit to the test.

In March, 1973 petitioner acquired a New York State operator's license. Following a hearing on July 11, 1973, peti-

tioner's New York license was revoked for his failure to submit to the breathalyzer test on January 6, 1973. In annulling that determination, Special Term held that the above-quoted warning was not a sufficient explanation of the effect of the election offered to petitioner since there was no mention of "nonresident" privileges, and that the revocation of a subsequently issued license was beyond the statutory authority conferred upon appellant by section 1194 of the Vehicle and Traffic Law, its provisions being "limited to the presumed consent arising from the use of a currently held license."

To the contrary, it is the operation of a motor vehicle in this State and not the use of a currently held license that is deemed to be a consent to the breath test (Vehicle and Traffic Law, § 1194, subd. 1). The hazard posed to the people of this State by drunken drivers is equally great whether the driver is licensed here or elsewhere. To hold that, in the case of a driver licensed out of State, the sanction for refusal to submit to the test is less encompassing than in the case of a resident licensee flies in the face of reason. The Legislature intended to impose the same sanction upon all drivers who refuse to submit to tests for intoxication — revocation of the privilege to operate a motor vehicle in this State — regardless of whether that privilege is conferred by the possession of a valid New York license or by recognition of a valid license issued by a sister State. Petitioner's position seems to be that the sanction against a driver licensed by a sister State at the time of refusal to submit to the test may be circumvented by later acquiring a New York operator's license. Since there is no residence requirement for obtaining an operator's license in this State (see Vehicle and Traffic Law, § 502), were we to accept this argument, we would be inviting evasive tactics which would undermine the purpose of the statute (cf. *Matter of Holt* v. *Hults*, 28 Misc 2d 880, 881–882). We emphatically reject such an untenable position.

The warning given here employed the statutory language and clearly conveyed the "effect" of the statute — that failure to submit to the test would result in revocation of his "operating privilege". For purposes of the statute, it is immaterial whether the privilege is conferred by recognition of an out-of-State license or by a subsequently acquired New York license.

The judgment should be reversed, on the law and the facts, the petition dismissed and the determination confirmed, without costs.

STALEY, JR., J. P., SWEENEY, KANE and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, petition dismissed and determination confirmed, without costs.