JANE O'WYATT, Respondent, v NEW HAMPSHIRE INSURANCE COMPANY, Appellant.

Second Department, July 19, 1976

*Burke, Curry, Hammill & O'Brien (Bernard F. Carlin* of counsel), for appellant.

*Wolf & Hoffman (Cyrus Wolf* of counsel), for respondent.

SHAPIRO, J. In 1973, petitioner Jane O'Wyatt, a resident of Massachusetts, purchased a policy of automobile liability insurance from the respondent insurance company, which contained, in pertinent part, all of the coverages mandated under Massachusetts law (Mass Gen L, ch 90, § 34A). Among these

was an uninsured motorists' indorsement (coverage U of the policy) in the statutory sum of $5,000 per person/$10,000 per occurrence.

During the policy period petitioner was involved in an automobile accident with an uninsured motorist in New York on November 7, 1973 and, in connection therewith, filed a claim against her insurer in the amount of $10,000. Upon the latter's refusal to pay, she demanded arbitration, and was awarded $7,500 by the arbitrator. Following confirmation of the arbitrator's award by order of the Supreme Court, Kings County, on September 19, 1975, she successfully moved for judgment thereon. From this adverse determination the appellant insurance company appeals. We affirm.

The sole issue for determination is whether the arbitrator's dollar award exceeded the policy limits.

On June 27, 1973 the Commonwealth of Massachusetts promulgated General Notice G-642, which provided that, effective July 1 of that year, all policies of automobile insurance theretofore or thereafter written or delivered in that State were to be deemed amended so as to provide that: "If, under the provisions of the motor vehicle financial responsibility law or the motor vehicle compulsory insurance law or any similar law of any state or province, a non-resident is required to maintain insurance with respect to the operation or use of a motor vehicle in such state or province and such insurance requirements are greater than the insurance provided by the policy, the limits of the company's liability and the kinds of coverage afforded by the policy shall be as set forth in such law, in lieu of the insurance otherwise provided by the policy, but only to the extent required by such law and only with respect to the operation or use of a motor vehicle in such state or province".

New York is clearly a jurisdiction which falls within this category (see Vehicle and Traffic Law, §§ 338, 345; Insurance Law, §§ 167, 600 *et seq.; Matter of Bookbinder v Hults,* 19 Misc 2d 1062) since, pursuant to New York law, uninsured motorists' insurance is mandatory in the amount of $10,000 per person/$20,000 per occurrence (Insurance Law, § 167, subd 2-a; see *McCarthy v Motor Vehicle Acc. Ind. Corp.,* 16 AD2d 35, affd 12 NY2d 922). Thus, it is apparent that the applicable limit of recovery for a Massachusetts insured injured in a collision with an uninsured motorist in New York, after July 1, 1973, is the higher New York State limit (cf. *Desmarais v*

*Standard Acc. Ins. Co.,* 331 Mass 199; *Bornbaum v Employers' Liab. Assur. Corp.,* 311 Mass 282; *O'Roak v Lloyds Cas. Co.,* 285 Mass 532).

The appellant does not dispute the authority to issue the above directive, nor does it contend that the language of General Notice G-642 is inapplicable to the case at bar, but it urges that its effect has been limited by the subsequent promulgation of General Notice G-643 on July 31, 1973, which provides, in terms, as follows:

"Supplementing General Notice No. G-642, please be advised that this extension of coverage applies to Coverage B-Bodily Injury Liability—Other Than Statutory and Division 1 of Coverage C—Damage to Property of Others.

"Extension under Coverage C-Division 1 is no problem because this is a compulsory coverage.

"However, Coverage B is an optional coverage. If the insured has made the option not to purchase Coverage B, he does not have any extension of this coverage out-of-state. The insured must purchase Coverage B in order to have this bodily injury extension of coverage out-of-state."

Respondent's reliance on General Notice G-643 is misplaced, as coverage *U* (uninsured motorists' insurance), is compulsory, not optional, under Massachusetts law (see Mass Gen L, ch 175, § 113L). Indeed, the General Counsel of the Division of Insurance of the Commonwealth of Massachusetts has so ruled, for, in a letter dated September 26, 1975, he stated: "Under Coverage U, the limits that an insured making claim would have available as a maximum are the limits of liability required by any motor vehicle financial responsibility law, or compulsory law of any state because Coverage U in Massachusetts is compulsory coverage."

Accordingly, the judgment appealed from, entered on the arbitrator's award, should be affirmed.

LATHAM, Acting P. J., MARGETT, DAMIANI and RABIN, JJ., concur.

Judgment of the Supreme Court, Kings County, entered November 6, 1975, affirmed, with $50 costs and disbursements.