Vehicle and Traffic Law § 318 provides that the New York State Department of Motor Vehicles (hereinafter the DMV) is to issue a mandatory suspension of a motor vehicle’s registration when it receives evidentiary proof that the financial security for such a vehicle is no longer in effect (see Matter of Giambra v Commissioner of Motor Vehs. of State of N.Y., 59 AD2d 648 [1977], affd 46 NY2d 743 [1978]; Matter of Stevens v Halts, 41 Misc 2d 168, 169 [1963]).
In September 2010, the petitioner’s insurance company notified the DMV that the insurance on a certain automobile registered to the petitioner had lapsed. The petitioner contends that because his insurance company did not properly notify him that the insurance on the subject vehicle had lapsed, in compliance with Vehicle and Traffic Law § 313 (1) (a), the suspension of his registration and license plates with respect to the subject vehicle was improper. However, the provisions of Vehicle and Traffic Law § 313 are not applicable to the DMV’s mandatory duty to suspend the registration of an uninsured vehicle pursuant to Vehicle and Traffic Law § 318 (see Matter of Stevens v Hults, 41 Misc 2d at 169; see also Matter of Langabeer v Halts, 52 Misc 2d 730, 731 [1967]; cf. Matter of Progressive Northeastern Ins. Co. v Robbins, 279 AD2d 631, 632 [2001]). Under the *880 circumstances, the DMV’s suspension of the petitioner’s registration and license plates with respect to the subject vehicle for a period of 12 days pursuant to Vehicle and Traffic Law § 318 was rational and not arbitrary and capricious.
The petitioner’s contention that he was deprived of due process is without merit. Rivera, J.P., Dillon, Leventhal and Chambers, JJ., concur.