Ugo-Alum v New York State Dept. of Motor Vehs. (2022 NY Slip Op 07018)

Ugo-Alum v New York State Dept. of Motor Vehs.

2022 NY Slip Op 07018

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kern, J.P., Gesmer, Kennedy, Scarpulla, Rodriguez, JJ. 

Index No. 153162/20 Appeal No. 16842 Case No. 2022-02212 

[*1]Uchenna Ugo-Alum et al., Plaintiffs-Respondents,
v
New York State Department of Motor Vehicles, Defendant-Appellant.

Letitia James, Attorney General, New York (Dennis Fan of counsel), for appellant.
Frank LLP, New York (Gregory A. Frank of counsel), for respondents.

Order, Supreme Court, New York County (Alexander Tisch, J.), entered on or about March 22, 2022, which, to the extent appealed from, denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Although couched in terms of constitutional violations, the gravamen of the complaint seeks to challenge respondent New York State Department of Motor Vehicle's (DMV) suspension of plaintiffs' New York State driving privileges as arbitrary and capricious on grounds that they were not properly notified of the Drivers Responsibility Assessment (DRA) imposed on them (see e.g. Rosenthal v City of New York, 283 AD2d 156, 157-158 [1st Dept 2001], lv dismissed 97 NY2d 654 [2001]; Thrun v Cuomo, 112 AD3d 1038, 1041 [3d Dept 2013], lv denied 22 NY3d 865 [2014]). Because plaintiffs' claims are cognizable under CPLR article 78, they are time-barred by the four-month statute of limitations (CPLR 217[1]; see Solnick v Whalen, 49 NY2d 224, 229, 233 [1980]; Gress v Brown, 20 NY3d 957, 959-960 [2012]).
Contrary to plaintiffs' contentions, the fact that they also pleaded constitutional violations is of no moment, as such claims can also be brought in an article 78 proceeding (see e.g. Matter of Ding Sheng Realty Corp. v City of New York, 179 AD3d 514, 515 [1st Dept 2020] [Eighth Amendment challenge to imposition of administrative fine]; Matter of Levitsky v Swarts, 101 AD3d 879, 879-880 [2d Dept 2012] [due process challenge to revocation of vehicle registration and license plates]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022