In the Matter of MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORP., Petitioner, *v.* CATHERINE M. KRESKOWSKI, Individually and as Guardian ad Litem for CATHY A. KRESKOWSKI, an Infant, Respondent.

Supreme Court, Special Term, Nassau County, July 6, 1962.

*John P. Connors* for petitioner. *Zuckerman & Haber* for respondent.

FRANK A. GULOTTA, J. This motion to stay arbitration is based on an alleged failure of respondent to prove that the out-of-State motor vehicle with which she was involved in an accident was in fact uninsured at the time.

Petitioner does not suggest how a negative proposition such as this could be proved in a State such as Pennsylvania where

this car was registered, which has no compulsory insurance law and keeps no record of insurance coverage. Also to be considered is the time limit of 90 days for filing notice of claim, which is hard and fast for a "qualified" claimant (Insurance Law, § 608) though not for an "insured" claimant (*Matter of Motor Vehicle Acc. Ind. Corp.* v. *Brown,* 15 A D 2d 578).

On this application petitioner insists that respondent must first prove the uninsured status of the other automobile as a condition precedent to the right to have arbitration. It seems to have had some difficulty in formulating a procedure for claimants to follow, because in its own "Notice of Intention to make Claim" form, paragraph 11, it lists 7 categories as follows:

"11. Reason for application to Motor Vehicle Accident Indemnification Corporation:

| | |
|---|---|
| Uninsured Car | Unidentified Car |
| Denial of Coverage or | Uninsured Automobile |
| Disclaimer | Endorsement on your Policy |
| Stolen Car | Qualified Person " |

This would seem to indicate that a claimant need qualify under only one of them. However the last two categories differ from the other five in species and probably should be in a separate paragraph to avoid the confusion which resulted in the instant case.

If the legislative purpose of protecting innocent victims of accident, as set forth in section 600 of the Insurance Law, is to be achieved, it seems that some more simplified system should be devised.

However, since a factual issue outside the arbitration has been raised, it must be determined preliminarily on a hearing by the court, and accordingly this matter is set down for a hearing at Special Term, Part II of this court, at 33 Willis Avenue, Mineola, New York, on July 18, 1962, at 10:00 A.M. subject to the approval of the Justice then presiding.