Carlton A. Fisher, J.
This is an application by the Motor Vehicle Accident Indemnification Corporation (hereinafter referred to as MVAIC) for an order staying arbitration demanded by the claimants [respondents] pursuant to the New York Automobile Accident Indemnification Endorsement (hereinafter referred to as the Endorsement).
The moving papers show that in March, 1960, the claimants were involved in an accident in the Town of Amherst involving their vehicle and an automobile owned by one Katherine Nester and operated by one John Nester (herein referred to as third *986 parties. It appears that the third parties reside in the State of Virginia.
The first notice to MVAIC was in the form of claimants’ affidavit of June 2, 1960 alleging: “upon contacting the Allstate Insurance Company, whose name was given to the police by the driver of the vehicle, we have been informed that they have no record of such an insured. That it appears that there is no insurance coverage on this automobile other than collision, and we therefore make claim ”. (Emphasis supplied.)
On June 8,1960 claimants filed a notice of claim with MVAIC alleging that the said third-party vehicle was an 1 ‘ uninsured car ”. Sometime subsequent to July 14, 1960 the claimants filed with MVAIC a letter from the Division of Motor Vehicles for the State of Virginia indicating that according to the records of that State a ‘ ‘ certification of liability insurance ’ ’ was filed by the third party showing an Allstate Insurance Company policy issued to Katherine Nester effective July 2,1959, and that this policy was either terminated or cancelled on April 13, 1959 [sic]. The accident in question, however, occurred on March 13, 1960. MVAIC requested claimants to substantiate that the third-party vehicle was in fact an “ uninsured automobile ” at the time of the accident.
Further proof was not submitted. The claimants filed a demand for arbitration. The demand makes no reference to the insurance status of the third-party vehicle.
Reply affidavits have not been interposed. Claimants have submitted a brief contending that the issue of whether the third-party vehicle was an “ uninsured automobile ” is within the scope of the arbitration clause.
Since argument was had on this motion the Court of Appeals in Matter of Rosenbaum (American Sur. Co. of N. Y.) (11 N Y 2d 310, 314) has adopted the construction and application of the Endorsement declared in Matter of Phoenix Assur. Co. of N. Y. (Digamus) (9 A D 2d 998): “No language in the endorsement can be read as an agreement to send to arbitrators a disagreement as to whether there was or was not liability insurance covering a car which should injure the insured.”
The scope of the clause is limited to two issues and two alone. (Matter of Motor Vehicle Acc. Ind. Corp. [Brown], 15 A D 2d 578; Matter of McGuinness [Motor Vehicle Acc. Ind. Corp.], 32 Misc 2d 949.)
There is no presumption that a motor vehicle is uninsured. Where there is no proof on this issue either way there is no right to arbitration. (Matter of Ross v. Hardware Mut. Cas. Co., 13 Misc 2d 739; Matter of American Nat. Fire Ins. Co. *987 [McCormack], 15 Misc 2d 692.) The difficulty of the claimants in establishing the facts is not relevant. Claimants must first bring themselves within the terms of the Endorsement.
A preliminary issue of fact exists as to whether the third-party vehicle was an “ uninsured automobile ” at the time of the accident. An order may be entered directing a trial by jury of this issue. The motion is granted.