Jack Stanislaw, J.
The Motor Vehicle Accident Indemnification Corporation has until now participated in the defense of this action for damages for injuries the result of defendant’s alleged negligent operation of his automobile. At this time its attorneys have moved for an order permitting their withdrawal presumably as, for and on behalf of the MVAIC. The latter became involved in the action under the impression that defendant’s automobile liability insurance coverage had limits of only $5,000 —10,000, thereby rendering him the operator of an uninsured motor vehicle (Insurance Law, §§ 608, 601, subds. c, d, j; Vehicle and Traffic Law, § 311). The action is on the calendar and has been granted a preference for trial, preliminary disclosure proceedings having been completed by all concerned, including the MVAIC.
The question presented here revolves around the parties’ mutual uncertainty as to defendant Fisk’s insurance protection. All “think” his coverage is, as noted above, $5,000 —10,000 but even upon inquiry to his insurance company in Arkansas, unlicensed in New York, all that could be obtained was an indefinite, approximate estimate of coverage. Because of this uncertainty and lacking any definitive statement as to Fisk’s coverage the MVAIC has asked to withdraw. Plaintiffs’ opposition to the motion is based upon the heretofore active and extensive participation in the defense of this action by the MVAIC and the alleged prejudice inherent in the requested relief. It is plaintiffs’ argument that the granting of the motion would act to exclude plaintiffs from the coverage offered by the MVAIC and thereby deprive them of the benefits of its underlying public policy purposes. (Insurance Law, § 600, subd. [2].)
*128 In its notice of appearance the attorneys for the MVAIC have started the appearance to be only on behalf of the corporation, by virtue of subdivision (e) of section 606 and section 609, in particular, of the Insurance Law. These sections permit the corporation’s defense of actions on behalf of a defendant and itself, without limiting that defendant’s right to employ his own counsel. Furthermore, subdivision (c) of section 609 of the Insurance Law provides that where the MVAIC assumes the defense of an action and the defendant does not co-operate with it, the corporation may apply to the court for an order so directing.
No statutory basis has been pointed out to the court sanctioning the allowance of the relief here prayed, nor has the "uninsured motorist ” endorsement of plaintiff’s automobile liability policy been exhibited in any way. Generally, the latter provides for the arbitration of claims. Nevertheless, the courts have held with regard to such arbitrations that the preliminary question of whether or not an uninsured driver is involved is one requiring trial by jury (Matter of Rosenbaum [Amer. Sur. Co. of N. Y.], 11 N Y 2d 310). It is conceivable that such procedure does not apply in this situation, but it is equally possible that it does. Unfortunately the parties here have proceeded to the brink of trial without either being really sure of Fisk’s insurance coverage. Now they are engaged in a sort of "Alphonse and Gaston ’ ’ routine, each insisting the other had or has the ultimate responsibility to conclusively determine this question. Actually they both do to some extent. The MVAIC examines the claim made and then may defend (Insurance Law, § 609, subd. [b]), but the claimant is required to show the defandant’s uninsured status in order to get payment of any judgment recovered against such motorist (Insurance Law, § 611).
The precise question here has been dealt with in several cases involving MVAIC application for a stay of arbitration under uninsured motorist policy endorsements pending determination of the question of whether another vehicle was actually uninsured or not. (To this effect, see: Matter of MVAIC v. Kreskowski, 35 Misc 2d 973; Matter of MVAIC [Corey], 36 Misc 2d 985; Matter of Allstate Ins. Co. [Smith], 26 Misc 2d 859.) Anri more specifically, in Torres v. O’Keefe (35 Misc 2d 347), the court suggested that plaintiffs be put to their proof on trial, subject then to cross-examination by the corporation.
The court might have approached this application differently had the MVAIC not undertaken what appears to be a thorough defense of the action heretofore. However, since the defense of *129 the suit is not mandatory, but rather permissive (Insurance Law, § 609, subd. [b]), the applicant herein should not be permitted to needlessly extend these proceedings by present withdrawal in the face of possible later re-entry. In any event, plaintiffs will be put to the adducing of a proper factual basis for any claims against the corporation in the event of their ultimate success upon trial. Application denied.