Jack Stanislaw, J.
A hearing was had before the court for the purpose of determining whether respondent Mahoney, as administratrix, could establish the uninsured status of a motor vehicle allegedly responsible for decedent’s injuries and death. Petitioner MVAIC contends that there is no sufficient evidence of that status, and that as a result Mahoney may not proceed to arbitration against it.
The driver-owner of the supposedly uninsured vehicle, Grant, cannot be located despite the extensive efforts of the parties. California, the State of Grant’s licensing and registration, keeps no record of automobile liability insurance coverage. However, counsel for respondent testified that a short time after the accident Grant stated to him that he had had no such insurance. There is no other indication of a lack of coverage.
Claimant’s burden of proof is unusually difficult where there are no official sources in a sister State to substantiate a claim of noninsurance. No presumption of a lack of insurance exists to permit arbitration without some sign of it (Matter of Ross v. Hardware Mut. Cas. Co., 13 Misc 2d 739). The arbitration set forth in the covenant to arbitrate contained in the usual “ uninsured motorist ” endorsement is subject to a preliminary satisfaction of conditions precedent thereto. Where the existence of satisfactory compliance with such conditions is disputed, this ‘ ‘ authorizes a jury trial1 If evidentiary facts be set forth raising a substantial issue as to * * * the failure to comply ’ with a contract to arbitrate. ” (Matter of Rosenbaum [Amer. Sur. Co.], 11 N Y 2d 310, 314; see, also, Matter of MVAIC [Morey], 36 Misc 2d 985; CPLR 7503, subd. [a].) If there is a failure of proof of lack of insurance a claimant has no right to arbitration of the claim.
In this case the issue is not whether there has been some proof of noninsurance, but rather whether the proof offered by Mahoney sufficiently established Grant’s uninsured status. Respondent’s burden of proof is carried by a fair preponderance *5 of the evidence. If the trier of the facts, the court in this case, is persuaded that the existence of a fact is more probable than its nonexistence then this burden of proof is sustained (Richardson, Evidence [9th ed.], § 97; cf. Uniform Commercial Code, § 1-201, subd. [8]). We are dealing with a question of probabilities. Under the circumstances developed upon the hearing, the court finds itself 1 ‘ persuaded ’ ’ of the probability of no insurance. That being so, respondent has sustained her burden of proof and may proceed to arbitration. The argument explicitly advanced by petitioner, that only substantial evidence of noninsurance permits arbitration, assumes a presumption of insurance which does not appear to be warranted.
The motion is granted.