Harry B. Frank, J.
Claimant, Charles Foster, sustained personal injuries on July 25, 1964, when the taxicab which he was operating was struck by an automobile owned by one James H. McClary, a Pennsylvania resident, and driven by one Keith Boston, a New York City resident. Foster subsequently proceeded as an “ insured ” under the liability policy covering the taxicab and sought arbitration on the ground that he was struck by an “ uninsured vehicle ”. Respondent Motor Vehicle Accident Indemnification Corp., hereinafter MVAIC, moved to stay arbitration and for a trial of the preliminary issue as to whether or not the vehicle which caused claimant’s injuries was uninsured. It is such issue which is the subject of the present disposition.
The rights asserted by claimant as an “ insured ” derive from the provisions of subdivision 2-a of section 167 of the Insurance Law of this State, which applied on the date of the accident *785 herein. At that time such statute directed the inclusion in every automobile liability policy issued or delivered in this State of a provision providing for respondent MVAIC’s liability for injuries which the insured or his legal representative shall be entitled to recover as damages from an owner or operator of an uninsured motor vehicle ’ ’. The policy covering claimant defines an uninsured automobile as one where there is “ neither (i) cash or securities on deposit with the New York Commissioner of Motor Vehicles nor (ii) a bodily injury liability bond or insurance policy, applicable to the accident with respect to any person or organization legally responsible for the use of such automobile. ’ ’
While the policy provides for arbitration on issues of fault and damages, where, as in this case, a condition precedent to arbitration such as “ injury by an uninsured motorist ” is disputed, such controversy must preliminarily be resolved by trial. (Matter of Rosenbaum [Amer. Sur. Co., N. Y.], 11 N Y 2d 310.) Although recognition has been accorded the difficulties inherent in establishing a negative proposition such as noninsurance, particularly in a situation involving a vehicle registered in a State which has no compulsory insurance and keeps no record of insurance coverage (see, for example, Matter of MVAIC v. Kreskowski, 35 Misc 2d 973; Matter of MVAIC [Morey], 36 Misc 2d 985), and certain procedural steps have sometimes been utilized in an endeavor to ameliorate such hardship (cf. Matter of Rosen [MVAIC], 20 A D 2d 704), the claimant nevertheless has the burden of establishing the noninsured status of the other vehicle by a fair preponderance of the evidence (McCarthy v. MVAIC, 16 A D 2d 35; Matter of MVAIC [Mahoney], 46 Misc 2d 3, affd. 25 A D 2d 821).
In pursuance of such burden, claimant submitted documentary proof at the trial showing that the New York State Department of Motor Vehicles revoked the nonresident motor vehicle privileges of McClary, the owner of the Pennsylvania automobile, for failure to submit evidence that he was properly insured at the time of the accident as required by the provisions of the Safety Responsibility and Financial Security Laws of this State, and that a copy of the revocation order was sent by them to the motor vehicle authorities in the State of Pennsylvania on December 4, 1964, the effective date of such order. A communication was also submitted from the Pennsylvania Bureau of Motor Vehicles which identified the registration plate number of the vehicle involved for the year 1964, noted that no such registration was issued for the year 1965, and further advised that insurance information is not part of their records. In addition, *786 the record includes a copy of the MV 104 motor vehicle accident report filed by Keith Boston, the New York driver of the Pennsylvania vehicle, which report carries a negative response to the inquiry as to whether the requisite liability coverage was in effect on the date of the accident.
Where there is no proof at all on the issue of insurance either way, there is no right to arbitration. (See Matter of American Nat. Fire Ins. Co. [McCormack], 15 Misc 2d 692.) 'Contrary to respondent’s assertions, however, the record in this case does not fall within such category and a sufficient showing is made to warrant a finding that neither the Pennsylvania-owned vehicle nor the New York driver was covered by liability insurance on the date of the accident.
With respect to the driver, such is established by virtue of his negative response, on the motor vehicle accident report filed by him, to the inquiry therein: “Was an automobile liability policy providing you * * * - liability insurance in effect on the date of the accident?” (Italics supplied.) Irrespective of the evidentiary competency or lack thereof of such admission with respect to the owner of the vehicle (cf. Matter of Rosen [MVAIC], 20 A D 2d 704, supra) the properly submitted proof of such statement by the driver in the duly filed accident report, subscribed by him, and standing wholly uncontradicted, is sufficient to establish the fact of his own lack of insurance coverage for the accident involved. (See Matter of Lowe [Ocean Acc. & Guar. Corp.], 21 Misc 2d 1042.)
In determining whether the record supports a similar conclusion with respect to the owner of the vehicle, it should be noted at the outset that claimant is neither assisted by any presumption of noninsurance (Matter of MVAIC [Morey], 36 Misc 2d 985, supra), nor is he burdened by any contrary affirmative presumption of insurance (Matter of MVAIC [Mahoney], 46 Misc 2d 3, affd. 25 A D 2d 821, supra). Evaluated in such neutral matrix, the proof offered by claimant is of highly persuasive character.
The record establishes an official revocation by our State Department of Motor Vehicles of the owner’s nonresident motor vehicle privileges for failure to submit evidence that he was properly insured at the time of the accident. Such revocation procedure is authorized under article 6 of the New York State Vehicle and Traffic Law. Such article is entitled the “ Motor Vehicle Financial Security Act ” and was enacted “ so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them ” by negligent motorists. (Vehicle and Traffic Law, § 310.) Section 318 (subd. 4, par. [a]) of such act directs the Commissioner of Motor Vehi *787 cíes to revoke nonresident motor vehicle privileges ‘ ‘ upon receipt of evidence that the owner of a motor vehicle not registered in this state has * * * permitted such motor vehicle to be operated upon the public highways of this state while proof of financial security was not in effect with respect to such vehicle The meaning of such section and the nature of the evidentiary foundation required before an order of revocation may be issued thereunder are of crucial significance upon the question of what evidentiary import may be accorded to such order in the present context. Such section has been held not to give the Commissioner unfettered discretion which may be interpreted by him as he pleases, but rather as imposing upon him a mandatory duty to revoke the privilege set forth upon receipt of evidence of the operation of a vehicle when proof of financial security was not in effect, and that while the extent of the requisite evidence is not set forth in the act it must be of substantial character sufficient to justify his action. (Matter of Zimmerman v. Kelly, 9 Misc 2d 989; Matter of Bookbinder v. Hults, 19 Misc 2d 1062.) Moreover, once the Commissioner has this evidence he has no duty to hold a hearing or make findings. (See Matter of Schayes v. Macduff, 285 App. Div. 1220; Matter of Bookbinder v. Hults, supra.) In light of the substantive basis upon which the revocation order herein was necessarily predicated, and the continued unimpeached status of that order in the face of its adverse ramifications to the owner of the vehicle, such order must be held to constitute substantial evidence of the uninsured status of the vehicle involved.
To adopt the contrary view urged by respondent and accord such revocation no evidentiary standing whatsoever would result in the anomalous situation whereby an order duly issued pursuant to the Motor Vehicle Financial Security Act is in effect arbitrarily nullified in a collateral proceeding seeking to invoke certain of the provisions of the MVAIC legislation which was specifically enacted in order to more fully achieve the beneficial aims of the Financial Security Act and to close the gaps therein. Such construction would obviously serve to frustrate and defeat the very purposes for which these interrelated statutes, including section 167 (subd. 2-a) of the Insurance Law, were enacted, including that of protecting motorists against damages inflicted by financially irresponsible parties. Such construction is untenable and must be rejected. (Cf. Matter of Vanguard Ins. Co. [Polchlopek], 18 N Y 2d 376.)
The probative impact of claimant’s uncontradicted presentation in this case on the issue of noninsurance is further strengthened by the complete failure on the part of respondent to in any *788 way controvert such showing despite its mandatory investigatory obligations and the machinery available therefor. (See Matter of MVAIC [Curtis], 37 Misc 2d 97; Insurance Law, § 605, subd. [a], par. [1]; § 606, subd. [c]; cf. Matter of Beakbane [MVAIC], 20 A D 2d 736.)
Accordingly, upon the record herein, the court finds that claimant has sufficiently sustained his burden of establishing the uninsured status of the other vehicle and is entitled to proceed to arbitration. (Cf. Matter of MVAIC [Mahoney], 46 Misc 2d 3, affd. 25 A D 2d 821, supra.)