Anthony J. Di Giovanna, J.
This is a motion for an order directing MVAIC, pursuant to section 610 of the Insurance Law, to pay the sum of $10,000 on account of a judgment obtained against the defendants Norman Marshak and Bernard Marshak.
Plaintiff contends that he is a qualified person. He was a passenger in an automobile when it went out of control and *123 struck a lamppost. Separate actions were instituted against the driver Norman Marshak and his father Bernard Marshak and against the defendant Harty Electric Co., Inc. An insurance company appeared for Bernard Marshak with the reservation of rights hut in December, 1963 disclaimed any coverage of the defendant Bernard Marshak with the proviso that it would defend the action against him.
When this case came on for trial before another Justice of this court the issue of liability was tried separately and resolved in favor of the plaintiff against the defendant Bernard Marshak and the driver Norman Marshak but in favor of the defendant Harty Electric Co., Inc., which had owned the automobile. Special findings of fact were submitted to the jury which found that Bernard Marshak had given Norman Marshak permission to use the vehicle but Norman Marshak had not received permission from Harty Electric Co., Inc., to drive its truck nor was it being driven in furtherance of the business of that corporation. That trial took place on June 10, 1966. Meanwhile upon learning that there was a disclaimer of liability, a notice of claim was filed against MVAIC on December 26, 1963 and, according to the filed papers, it appears that its counsel took part in subsequent proceedings.
According to the affidavit of MVAIC’s attorney, the issues presented to the court indicated that Bernard Marshak was “ one of the two owners ” of Harty and that the vehicle at the time of the accident was driven by Bernard’s son, Norman Marshak, the codefendant. The liability carrier for Harty and Bernard Marshak defended Harty but refused to defend the son on the ground that he did not have permissive use of the vehicle. Norman Marshak was defended at the trial by his own attorney together with the attorney for MVAIC who acted as trial counsel for him.
It is the contention of MVAIC that before the plaintiff can recover from MVAIC it must first establish in a separate action for declaratory judgment against the insurance company that there had been a proper and legal disclaimer by the insurance company. MVAIC demanded from plaintiff that he bring such action against Harty’s insurance company, and cites Matter of MVAIC (Malone) (16 N Y 2d 1027) as authority supporting that demand. That case is consistent with the proposition that MVAIC should have an opportunity to litigate before a court rather than before an arbitrator the issue of whether or not the alleged tort-feasor was insured. That case is quite different from the one under consideration here.
*124 Under section 600 of the Insurance Law it is declared as one of the purposes of the legislation to remedy the failure of the act of 1956 to provide coverage where insured motor vehicles were involved 11 where the insurer disclaims liability or denies coverage ’ ’. For that purpose the corporation is given the power under section 606 to investigate or to arrange for the investigation of any claim asserted by an insured or qualified person against a financially irresponsible motorist, and to settle and pay, after reasonable notice to the financially irresponsible motorist, any claim or judgment asserted by an insured against a financially irresponsible motorist and also to enter an appearance through attorneys representing MVAIC on behalf of the financially irresponsible motorist and to file and conduct a defense or to appear at the trial and take such other steps as it may deem proper to conduct the defense of the financially irresponsible motorist and ‘1 to take recourse to any applicable method of review ’
Under section 609 MVAIC is directed to investigate accidents and actions reported to it as in its judgment is deemed necessary or expedient and again, is empowered through counsel to ‘ ‘ enter an appearance on its own behalf and on behalf of the defendant, file a defense, appear at the trial or take such other steps as it may deem appropriate on the behalf and in the name of the defendant, and may thereupon, on behalf and in the name of the corporation and the defendant, conduct his defense, take recourse to any appropriate method of review on behalf of, and in the name of, the corporation, and the defendant, and all such acts shall be deemed to be the acts of the corporation and the defendant ’ \
Under section 610 the application for payment of judgment cannot be made until after the time to appeal from the judgment has expired. There seems to be no question raised herein concerning that aspect of the case.
In this court’s opinion the submission of the special findings of fact to the jury and the findings of the jury with respect thereto and the entry of judgment thereon have finalized the issue of noninsurance of the defendant Bernard Marshak and exonerated Harty from any liability for negligence. In a situation such as is presented herein, to order a separate issue of the question of noninsurance would in effect be giving MVAIC a second try at this issue. This cannot be done because the issue has already been disposed of and the judgment is res judicata thereon. Consequently an order may be settled on notice herein directing the payment of the judgment to the extent allowed by law.