Bernard S. Meyer, J.
This application for a stay of arbitration under the uninsured motorist indorsement of respondent’s automobile policy is denied and the petition is dismissed. In the face of (1) a statement in the proof of claim that a named employee of petitioner admitted that “ There was no insurance coverage ”, (2) a letter from General Fire and Casualty Company to the owner of the offending vehicle stating that her policy had been canceled six months before the accident, (3) a Department of Motor Vehicles search report stating that the vehicle was uninsured, (4) Department of Motor Vehicles searches showing that the operator was unlicensed and had no vehicle registered in his name, petitioner has come forward with neither an affidavit of the named employee denying the admission nor any evidence whatsoever to suggest that the General Fire policy had not been properly canceled. It has contented itself rather with an affidavit of its attorney pointing out that respondent’s papers do not establish that the General Fire policy was validly canceled.
In the great game of pass the buck that has followed in the wake of uninsured motorist coverage that simply is not enough. Though the ultimate burden of establishing the uninsured status of the offending vehicle is upon the claimant-respondent (Bush *724 ing v. Commercial Cas. Ins. Co., 251 N. Y. 302; McCarthy v. MVAIC, 16 A D 2d 35, affd. 12 N Y 2d 922; Matter of Lloyd [MVAIC], 27 A D 2d 396, affd. 23 N Y 2d 478), it is the petitioner insurer’s burden in the first instance to show the existence of evidentiary facts sufficient to establish a genuine issue as to whether the vehicle was uninsured (Matter of De Pew [Glens Falls Ins. Co.], 35 A D 2d 894; Matter of O’Brien [Aetna Cas. & Sur. Co.], 33 A D 2d 1085; Matter of Kuhn [MVAIC], 31 A D 2d 707; Matter of Highsmith [MVAIC],, 31 A D 2d 424). It is not enough for petitioner to say that it has no knowledge of the facts concerning General Fire’s cancellation (McGuinness v. MVAIC, 18 A D 2d 1100; see Matter of Highsmith [MVAIC], supra). It must show at least that facts essential to establish a triable issue may exist but cannot then be stated (cf. CPLR 3212, subd. [f]).
While the filing of notice of cancellation with the Department of Motor Vehicles is not essential to termination of the General Fire policy (Perez v. Hartford Acc. & Ind. Co., 31 A D 2d, 895, affd. 26 N Y 2d 625), the filing of such notice would foreclose the issue and the absence of such filing would be a sufficient indication that there may be substance to the issue to warrant a stay of arbitration until petitioner had time to move, pursuant to CPLR 408, for leave to examine General Fire concerning termination of the policy. Having presented nothing, petitioner has failed to sustain its burden of going forward. Stay of arbitration is, therefore, denied.