Samuel J. Silverman, J.
This is a motion by claimant’s insurance company for a stay of arbitration demanded by the claimant under the uninsured motorist indorsement of claimant’s policy.
I have been struck, during my recent assignments at Special Term, by the large number of such applications by insurance companies, and I'believe the other Judges of this court have had the same experience. The statutory and administrative difficulties and hurdles placed in the way of a person injured by an uninsured motorist in his efforts to obtain some compensation under the uninsured motorist statutes and indorsements have been a matter of wide knowledge in this court and have been commented upon by legal writers (Insurance Law, art. 17-A; § 167, subd. 2-a). (See, e.g., Laufer, Embattled Victims of the Uninsured, 19 Buffalo L. Rev. 471, 478 [1970].)
The standard uninsured motorist indorsement requires arbitration as to certain issues. In Matter of Rosenbaum (Amer. Sur. Co.) (11 N Y 2d 310 [1962]), the Court of Appeals construed the scope of that arbitration clause rather narrowly, and directed that other issues — specifically whether the offending motorist was indeed uninsured — be decided by courts rather than by the arbitrator. With due respect, I think (and I believe most of my colleagues would concur), the result has been as unfortunate as was foreseen by the dissenters in the Rosenbaum case [supra, p. 316) where they said: “We should not read into that agreement a provision for piecemeal treatment of a specified area of dispute by two separate and distinct procedures. If we do so, we will be adding a new type of cause to an already overburdened court calendar with its attendant delay, personal effort and financial burden, which could be expeditiously and *843 promptly disposed of in the manner upon which the parties have agreed.”
Thus to an already complicated statutory procedure, full of pitfalls and hurdles for the “ innocent victims of motor vehicle accidents” (Insurance Law, § 600, subd. [2]), there has been judicially engrafted the possibility of a two-or three-step procedure: (1) a motion by the insurance company to stay arbitration ; (2) a trial of issues of fact before the court and perhaps a jury; and (3) if the claim has survived thus far, arbitration as to the merits of the claim.
In New York County such motions by insurance companies for a stay of arbitration have been so numerous that it has proved impracticable when issues of fact arise to order the immediate trial which the arbitration statute apparently contemplates with respect to preliminary issues (CPLR 7503, subd. [a]), and the practice apparently is to have such cases take their regular place on the trial calendar with a resultant delay of about 18 months before it is decided whether there shall be an arbitration.
The total liability under the uninsured motorist clauses to any one person cannot exceed $10,000. As pointed out by Professor Laufer (19 Buffalo L. Bev. 512): “In fact, the average claim paid by the MVAIC in 1968 was $2,392. Moreover, at least one third of the amount recovered must be set aside for counsel fees. Thus, neither claimant nor counsel have much incentive to engage in complex forensic battles with the MVAIC.”
The result, in terms of litigants who are tired out and who either drop their just claims or accept unfairly small settlements, is obvious.
Some insurance companies have taken advantage of these difficulties and apparently routinely make a motion for a stay of arbitration, either in all cases, or at least whenever experienced lawyers for the insurance company can dream up a question.
The most usual issue raised by insurance companies on these motions to stay arbitration is whether the car by which claimant was hurt was, in fact, uninsured. It is easy to see the difficulties that a claimant faces in proving the negative proposition that the stranger whose car hurt him was not insured, particularly as the case cannot involve a great deal of money and the lawyers for the claimant simply cannot make an exhaustive investigation excluding every possibility of insurance. Yet, lawyers for insurance companies frequently urge that a hearing must be ordered if claimant’s proof of noninsurance is not conclusive.
*844 I wish to consider here what standards the court should apply in determining whether to order an evidentiary trial of the preliminary issues relating to the right to arbitration.
The rules on this do not seem to be quite the same in each of the four judicial departments of the State.
The Appellate Division for the Third Department has recently stated a rule quite favorable to claimants. In Matter of Kuhn v. MV AIC (31 A D 2d 707 [1968]), the court refused to order an evidentiary hearing where the claimant made a sworn allegation in her notice of intention to arbitrate that the vehicle was, in fact, uninsured, arid MVAIC offered nothing to contradict the allegation in the form of proof to the contrary. The court said that since MVAIC “ was seeking to stay arbitration, it had the burden of showing the existence of sufficient evidentiary facts to establish a genuine preliminary issue in order to justify a stay;” that the Rosenbaum case did not require a different result; that before there was a stay of arbitration, there must be an “ evidentiary showing that a factual dispute exists.” (Accord: Matter of O’Brien [Aetna Cas. Co.], 33 A D 2d 1085 [3d Dept., 1970].) Matter of Beakbane [MV AIC], 20 AD 2d 736 [3d Dept., 1964].)
The Fourth Department has, at least in principle, agreed with the Kuhn case, though in the particular case it did order a trial of the preliminary issues and a stay of arbitration. (Matter of Highsmith [MV AIC], 31 A D 2d 424 [4th Dept., 1969].)
It is not entirely clear to me what the rule in the Second Department is as to the quantum of proof necessary before a trial of preliminary issues will be ordered (see, e.g., Zelanka v. MV AIC, 32 A D 2d 847 [2d Dept., 1969]).
In the First Department, the Appellate Division has laid down the rule (at least as to a different preliminary issue) that the MVAIC has the “ burden of tendering a factual issue requiring a trial ” (Matter of Fuscaldo v. MV AIC, 24 A D 2d 744, 745 [1st Dept., 1965]).
In Matter of Foster (MV AIC) (55 Misc 2d 784 [1967]) my colleague Mr. Justice Frank addressed himself to this problem. He stated that the claimant ‘1 has the burden of establishing the noninsured status of the other vehicle by a fair preponderance of the evidence ” (p. 785); that “ where there is no proof at all on the issue of insurance either way, there is no right to arbitration ” (p. 786); that in determining the question of insurance or noninsurance ‘ ‘ claimant is neither assisted by any presumption of noninsurance * * * nor is he burdened by any contrary affirmative presumption of insurance ” (p. 786); and that where claimant does present some evidence of noninsurance, the *845 probative impact of that evidence is ‘ ‘ strengthened by the complete failure on the part of respondent [MV AIC] to in any way controvert such showing ” (pp. 787-788).
It seems to me that these motions may be reasonably analogized to motions for summary judgment. The proceeding is, after all, a special proceeding which the court may treat as a motion for summary judgment where appropriate (CPLB 409, subd. [b]). This was the view taken by the Fourth Department, Appellate Division, in the Matter of Highsmith (31 A D 2d 424 [4th Dept., 1969]) and in an analogous situation by the Second Department in McGuinness v. MV AIC (18 A D 2d 1100 [1963]).
Applying these rules, arbitration should be stayed and an evidentiary trial of preliminary issues directed only where it appears “ that a substantial issue of fact exists for trial ” (Matter of Highsmith, supra, p. 425); where there is a “ substantial question ” as to the right to arbitration (CPLR 7503).
On the analogy of summary judgment, the party who opposes a summary determination and seeks an evidentiary trial of the preliminary issues has the duty ‘ ‘ to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial ” (Di Sabato v. Soffes, 9 A D 2d 297, 301 [1st Dept., 1959]). “ Shadowy ” issues are not enough (ibid.).
Furthermore,- if one side presents evidentiary material, the other side must also present evidentiary material to the contrary in order to raise an issue of fact. ‘ ‘ Evidentiary facts ’ ’ must be shown; “surmise, conjecture ” are not enough (Shapiro v. Health Ins. Plan, 7 N Y 2d 56, 63 [1959]). Conclusory allegations will not be enough; that is the clear teaching of Matter of Fuscaldo (MV AIC) (24 A D 2d 744, 745 [1st Dept., 1965]).
At least where the claimant presents some reasonably persuasive evidence that the offending car was uninsured, ‘ ‘ a conclusory presentation ’ ’ by the insurance company is insufficient to pose an issue requiring trial (Matter of Fuscaldo [MV AIC], 24 A D 2d 744, 745; Matter of Travelers Ins. Co. v. Lombardo, 30 A D 2d 1047 [4th Dept., 1968]; Matter of O’Brien [Aetna Cas. & Sur. Co.], 33 A D 2d 1085 [3d Dept., 1970]).
In determining these issues due consideration must, of course, be given to the fact that the facts as to insurance by the offending vehicle are not in the personal knowledge of the insurance company. (Matter of Highsmith [MV AIC], 31 A D 2d 424, 425 [4th Dept., 1969].) Neither are they in the possession of the claimant. In Matter of Beakbane (MV AIC) (20 A D 2d 736 [3d Dept., 1964]), MVAIC contended with respect to a preliminary issue in a hit-and-run case that since the facts were pecu *846 liarly within the knowledge of claimant, MVAIC could not be bound to accept without a hearing claimant’s version. The court rejected this contention, saying:
“ Were we to hold to the contrary a hearing by the court as to one or more of the preliminary issues or conditions precedent to arbitration could be compelled without any evidentiary showing of the existence of such issues and, indeed, without investigation of the eligibility of claimant to invoke the arbitration clause of the endorsement.”
(I note that in a proper case disclosure proceedings are available to the insurance company even for the purpose of showing that an issue of fact exists. See CPLR 408.)
Insurance companies frequently argue that arbitration should he stayed pending a trial of the preliminary issue of whether the offending car is uninsured because the evidence does not ‘ ‘ conclusively ’ ’ establish the fact of noninsurance. There is no requirement of ‘ ‘ conclusiveness ’ ’ in these or any other cases, certainly not in civil cases. All that is required for summary determination is that all the evidence presented shall point one way. If, on the evidence presented, a trier of facts could reasonably come to only one conclusion, summary determination is proper (subject only to a showing that evidence the other way may exist, which, despite the diligence of the dpposing party, is not now available to that party. (Cf. CPLR 3212, suhd. [f].) It is not enough for the insurance company to submit an attorney’s affidavit pointing out possible gaps in the evidence without any effort to fill those gaps and to show that there is some basis to believe that in fact the offending car was insured.
In the light of these authorities, the practical problems involved and the policy of the uninsured motorist statute and indorsement, it seems to me that reasonable guidelines for directing a trial of preliminary issues or alternatively ordering arbitration (or denying arbitration) without a preliminary trial would be somewhat as follows:
Arbitration should be stayed and at least an evidentiary hearing ordered where:
(a) claimant does not present some reasonably persuasive evidence of noninsurance (or other basis for invoking the arbitration clause); or
(b) claimant has failed diligently to try to ascertain the facts, within the practical limitations of the situation, or to follow up some reasonable indication of insured status; or
(c) the insurance company presents some evidence that the offending vehicle is insured.
*847 Arbitration should be directed, without ordering an evidentiary hearing in the converse situation, i.e., where the claimant presents some reasonably persuasive evidence of noninsurance (or satisfying some other basis for invoking the arbitration clause), even though claimant’s proof is not conclusive on this issue, and claimant has diligently tried within the limits of the practical situation to try to ascertain the facts as to the insured status of the offending vehicle, and, if there is some reasonable indication that the offending vehicle is insured, has tried to follow that up, and the insurance company has failed to present some evidence that the offending vehicle is insured. Merely pointing out possibilities that the offending vehicle might be insured and that the claimant’s proof is not conclusive, without presenting some evidence to indicate that in fact the offending vehicle is insured should not be enough to warrant a stay of the arbitration and a trial of preliminary issues.
The reasonableness of investigation by the claimant should be assessed in the light of all the circumstances, including the amounts involved and the practicability of finding out more about the facts or of furnishing strict legal evidence.
It is true that the guidelines I have suggested may leave room for error in the sense that a further and more exhaustive investigation might have shown that the apparently uninsured motorist was in fact insured. That seems to me to be precisely the kind of risk that an insurance company should bear.
Applying these guidelines to the case at bar, it appears that claimant was injured in the City of New York by an automobile bearing a Rhode Island license plate. The operator apparently lived in New York City; the owner in Rhode Island. Claimant’s attorney addressed communications to both the operator and the owner and the letters were returned undelivered; he inquired of the Registry of Motor Vehicles in Rhode Island and was informed that while there was a registration for a vehicle under that registration number for the year 1969, there appeared to be none for the year 1970, when the accident occurred, and that the registration had expired some 40 days before the date of the accident. Claimant was further informed by the Rhode Island Registry of Motor Vehicles of the name of the insurance company that had insured the car during the time that it was registered ; the attorney inquired of the insurance company and was informed that they had no record in their New York office of the alleged insurance and that both their Rhode Island offices had no record either. This information was in the form of an unsworn written communication by the employee of the insur *848 anee company. All that the insurance company has submitted is an affirmation by its lawyer containing the conclusory allegation that claimant ‘ ‘ has not shown that the other vehicle was uninsured within the meaning of the policy; i.e., that neither the owner nor driver had applicable insurance ’ ’. There is nothing to indicate that in fact either of them has insurance or even that movant has tried to find out whether there was insurance.
Accordingly the motion for a stay of arbitration is denied and the parties are directed to proceed to arbitration.