Samuel S. Tripp,
Spec. Ref. Reference by consent (CPLR 4317, subd. [a]) to hear and determine special proceeding for judgment staying the arbitration demanded by respondent under the standard uninsured motorist indorsement attached to the petitioner’s automobile liability insurance policy covering respondent’s car on the date of the underlying accident.
Respondent allegedly sustained injuries on November 13, 1970 when, driving his car in The Bronx, it was in physical contact with a 1961 Chevrolet bearing registration plate number STZ 766 — New Jersey, owned and operated by Wilfredo Feliciano of 2018 Belmont Avenue, Bronx.
Although the issues of fault and damages are for the arbitral tribunal to determine, it is the court which decides disputes whether the claimant has met the conditions precedent to such arbitration as set forth in the indorsement. (Matter of Rosenbaum [Amer. Sur. Co.], 11 N Y 2d 310.) In order to obtain a trial of such preliminary issues, including the insurance status of the other vehicle, “it is the petitioner insurer’s burden in the first instance to show the existence of evidentiary facts sufficient to establish -a genuine issue as to whether the [other] vehicle was uninsured” and this, despite the fact that “the ultimate burden of establishing the uninsured status of the offending vehicle is upon the claimant-respondent ”. (Matter of *402 Liberty Mut. Ins. Co. [Chandras], 67 Misc 2d 723, 724.) Applications of this nature have been “ analogized to motions for ■summary judgment ’ ’ and .so treated in determining whether a trial of preliminary issues should be directed, or alternately, whether arbitration should be ordered or denied. (Matter of Aetna Ins. Co. v. Logue, 68 Misc 2d 841, 845.)
Here, the petitioner contented itself with the mere conelusory statement in its attorney’s supporting affirmation, that “ to date, Respondent has submitted no proof or other evidence that the other vehicle or its operator was uninsured at the time of the accident ’ ’. At the preliminary trial of that issue, ordered by Special Term, claimant-respondent produced an official notification, dated July 20, 1971, from the New York Department of Motor Vehicles, that its evaluation section had “ issued an order of revocation of non-resident motor vehicle privileges against Wilfredo Feliciano for failure to comply with the requirements of the New York State Safety Responsibility Law and the New York State Financial Security Law as a result of the accident which occurred on November 13, 1970 at Bronx, New York ” and that his New York State driver ’.s license was likewise revoked and that a copy of the “ order of revocation of nonresident motor vehicle privileges was sent to the State of New Jersey for whatever action that State may take against him under their Law ’ ’.
In addition, respondent produced an official notification dated December 20, 1971 from the Bureau of Security- — Responsibility of the Division of Motor Vehicles, State of New Jersey, that because of the underlying accident, the registration privileges of Wilfredo Feliciano were suspended and that such ‘ ‘ suspension will remain in effect until the requirements of the law are satisfied”. This action was taken after Mr. Feliciano was “ allowed 60 days to satisfy the New York Law requirements ”.
The Appellate Division of the Second Department has held that an “ ‘ Order of Revocation of Non-Resident Motor Privileges ’ [Form SR-11F] * * * was sufficient, in the absence of proof to the contrary, to establish that the vehicle which allegedly caused the accident out of which [the] claim arose was uninsured at the time of the accident”. (Zelanka v. MVAIC, 32 A D 2d 847.) While the respondent did not produce a copy of the actual order of revocation (Form SR — 11F) referred to in the communication from the New York Motor Vehicle Department, this omission was compensated by proof of *403 New Jersey’s suspension of the registration privileges of Mr. Feliciano.
As “ proof to the contrary”, petitioner produced a photostatic copy of Mr. Feliciano’s signed application for the registration of his 1961 Chevrolet in New Jersey bearing the stamped issue date — June 10, 1970 — of plate number STZ 766. It is there stated that “ MAC Ins. Co.” (Motor Club of America Companies) insured his car under Certificate No. CAP 065431. This document did not overcome the probative effect of the revocation order duly issued pursuant to the New York Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art. 6) implemented by the reciprocal action taken by the Bureau of Security — Responsibility of the State of New Jersey in suspending Mr. Feliciano’s registration privileges.
That the “ proof ” of insurance relied upon by petitioner has little weight is .supported by the caveat in the certified abstract — “ Insurance data supplied is that which was stated by the registrant on the application submitted by him. This office receives no information as to subsequent changes of coverage obtained by registrants during their registration year ’ ’. Moreover, both petitioner and the attorneys for respondent separately checked with Motor Club of America Companies whether it had insured Mr. Feliciano’s car on the date of the accident and each received not only a negative answer but that “ Policy # CAP 065431 is not a policy number of this Company ”.
Accordingly, upon .this record, respondent has sufficiently sustained his burden of establishing the uninsured status of the other vehicle and is entitled to proceed .to arbitration.