Richard S. Lane, J.
To tarry with automobile negligence litigation can jeopardize eventual recovery.
There are still crevices in the statutory design to ensure compensation to innocent victims of automobile accidents (Insurance Law, art 17-A [Motor Vehicle Accident Indemnification Corporation Law]).
The two-tier system of inferior and superior courts under which we labor has absurd consequences.
These are the lessons learned from the unfortunate tale unfolded in this motion.
On January 21, 1973, plaintiffs were passengers in an automobile owned by the corporate defendant and driven by the individual defendant. They were injured in what was apparently a one-car collision. Counsel was retained within a few days, but it was not until August, 1975 that legal action against the corporate defendant was commenced. The answer revealed for the first time that there would be a defense based on driving without permission. Counsel interpreted the an *921 swer as a disclaimer and promptly served notice on MVAIC of intention to make a claim pursuant to subdivision (c) of section 608 of the Insurance Law.
Apparently not confident of the effectiveness of such notice, counsel also took a number of other steps. He moved for leave to sue MVAIC directly. He served the driver as an additional party defendant, and requested first the owner’s carrier and then MVAIC to represent the driver. All of these steps having failed, he now brings on this motion to compel MVAIC to appear on behalf of the driver. MVAIC opposes relying on Allegretti v Mancuso (37 AD2d 964, affd 33 NY2d 882), which held, under similar circumstances, that there was no disclaimer permitting service of notice pursuant to subdivision (c) of section 608.
MV AIC’s reliance on the Allegretti case (supra) is misplaced. Subsequent to the events in that case section 608 was amended to extend to any claimant the right to serve MVAIC late when it was not reasonably possible to serve within the otherwise applicable period. Theretofore that right had been limited to infants, incapacitated persons and decedents. There is, however, another and more serious obstacle to the motion. Neither this court nor any other court has the power to compel MV AIC’s appearance in the action absent circumstances creating an estoppel. When MVAIC is properly served, it is on notice that there may be an application to it for payment of any judgment recovered by claimant (Insurance Law, §§ 610, 611). It is compelled to investigate but its participation in the action is permissive only (Insurance Law, § 609; Helschein v Harty Elec. Co., 55 Misc 2d 122, 124; Ratchford v Fisk, 43 Misc 2d 127, 128-129, affd 26 AD2d 685). The language in section 605 (subd [a], par [2]) which sounds contrary applies only to an "insured” claimant (one with uninsured motorist coverage in his or her automobile insurance policy) as opposed to a "qualified” claimant like plaintiffs here who do not own an automobile.
In view of the amendment to section 608 referred to herein-above, why is the August, 1975 service on MVAIC not adequate to protect plaintiffs? The answer is that acceptance of late service has always been and still is discretionary with MVAIC subject to the claimant’s right to apply to court to compel acceptance. Why should I then not treat this motion as ope to compel acceptance? The answer is that by the statute, such application may only be made to the Supreme Court.
*922 There is, in any event, serious question as to whether the statute would protect these plaintiffs because it requires such application to be made within "one year from the beginning of the applicable period”. Over three years have passed here. If the individual defendant is indeed without means to satisfy a judgment, it may be that plaintiffs’ only hope lies in overcoming the defense of lack of permission.
These plaintiffs may well be without effective remedy through no fault of their own. The court commends to the Legislature reconsideration of this harsh aspect of section 608 "in order that a more equitable balance may be achieved between a public corporation’s reasonable need for prompt notification of claims against it and an injured party’s interest in just compensation” (see Camarella v East Irondequoit Cent. School Bd., 34 NY2d 139, 142-143). Discretion vested in the court should be sufficient to save MVAIC from situations in which it would truly be prejudiced. MVAIC ought to itself favor further amendment lest the negligence bar learn from cases like this and start serving MVAIC routinely.