■ In the Matter of the Arbitration between EMPIRE MUTUAL INSURANCE COMPANY, Respondent, and MAHMUD T. MAHMUD, Appellant.—Judgment (denominated an order and judgment) of the Supreme Court, New York County (Stanley S. Ostrau, J.), entered July 30, 1984, which granted petitioner's application to permanently stay arbitration is unanimously reversed, on the law, without costs, the petition dismissed, the motion to stay is denied and the parties are directed to proceed to arbitration.

On August 9, 1982, respondent-appellant Mahmud was involved in a "fender-bender" accident with a car driven by Avon Gravitt. As the men were examining the damage and exchanging information, a third car, driven by Bruce Fenster, hit Gravitt's car, pinning appellant between his own car and Gravitt's car. Appellant underwent eight operations which

culminated in the amputation of one leg in January of 1983. Appellant's insurance company, Empire Mutual, was notified of the accident in August of 1982. On September 8, 1982, appellant commenced a negligence action against Gravitt and Fenster. Appellant failed to forward a copy of the summons and complaint to Empire Mutual, even though such was required by the uninsured motorist endorsement to appellant's automobile insurance policy. In November of 1982, appellant received letters from the attorneys for Gravitt and Fenster, stating that these motorists were uninsured.

From November of 1982 to March of 1983, appellant's counsel communicated periodically with Empire Mutual employees. Empire Mutual was advised of the suit against the motorists and no objections were raised. Along with a cover letter to Empire Mutual dated March 23, 1983, appellant filed a notice of intention to make a claim under the uninsured motorist endorsement to his policy. Also enclosed was information pertaining to the uninsured status of the two motorists. This notice was filed eight months after the accident, in violation of the policy's requirement that such notice be given within 90 days of the accident or as soon as practicable. An Empire Mutual employee responded to appellant's letter by stating that she would investigate the claim and asked appellant's counsel to "keep [her] informed as to the Supreme Court Action Pending." No objection was made to the untimeliness of the notice.

On December 14, 1983, appellant's counsel advised Empire Mutual that he had obtained a default judgment against both defendants in the negligence action. Counsel also requested payment of the $10,000 no-fault claim and expressed his hope that arbitration would be unnecessary. The default judgment had been obtained without having secured Empire Mutual's written consent, as required by the uninsured motorist endorsement to the insurance policy. Again, Empire Mutual failed to raise any objection.

Finally, in March of 1984, appellant demanded arbitration. Empire Mutual responded with a petition to stay arbitration dated April 9, 1984. For the first time Empire Mutual argued that appellant was excluded from coverage under the uninsured motorist endorsement by his actions in obtaining the default judgment without the company's consent, in not forwarding a copy of the summons and complaint, and in filing an untimely notice of intention to make a claim. In the affirmations in opposition to the motion, appellant argued,

among other things, that by not having raised these arguments earlier Empire Mutual had waived them.

Former section 167 (8) of the Insurance Law [now recodified as Insurance Law § 3420 (d) eff Mar. 1, 1985] imposed an obligation on an insurer to "give written notice as soon as is reasonably possible" whenever it intends to disclaim liability or deny coverage to the insured. The Court of Appeals has stated that a timely disclaimer is required when the insurer predicates a denial of liability upon an exclusion set forth in the policy, without which there would have otherwise been coverage. (*Zappone v Home Ins. Co.,* 55 NY2d 131, 134.) The three grounds raised by Empire Mutual here are such exclusions of liability. Nevertheless, it was not until after appellant demanded arbitration that Empire Mutual in April of 1984, asserted these arguments as grounds for denial of coverage, even though it had known of the untimeliness of the notice since April of 1983, knew of the pending negligence action since early 1983, and was informed of the entry of the judgment in December of 1983.

Empire Mutual unconvincingly attempts to excuse its failure to send written notice of its intent to disclaim liability by arguing that appellant failed to provide sufficient proof of the uninsured status of the other motorists, which proof is a prerequisite for the existence of coverage under the uninsured motorist indorsement. It is true that when there is no insurance in effect, there is no duty to disclaim. (*Zappone, supra,* p 138; *Matter of Aetna Cas. & Sur. Co. v Mari,* 102 AD2d 772, 774.) We disagree, however, with Empire Mutual's claim that the evidence concerning lack of insurance was insufficient. We first note that the injuries for which appellant seeks compensation were caused by the driver Fenster. Fenster's attorney submitted a letter stating that Fenster was uninsured. A report from the State of New Jersey Division of Motor Vehicles states that the Fenster vehicle's license plate had expired prior to the accident and had not been renewed. There was the additional information that New York had suspended Fenster's driving privileges in New York because of his refusal to file an accident report which would have included insurance information. Courts have held such evidence, especially when uncontradicted, as is the case here, to be sufficient to warrant a finding of noninsurance. (*Matter of Foster [MVAIC],* 55 Misc 2d 784.) Accordingly, Empire Mutual had sufficient evidence of noninsurance so as to bring appellant's claim under the uninsured motorist endorsement, and so as to require the insurer to send appellant prompt written notice of

its intent to deny liability on the three stated grounds. Having failed to do so, Empire Mutual is now barred from raising these arguments and must proceed to arbitration. Concur—Kupferman, J. P., Ross, Carro, Fein and Ellerin, JJ.